Francis J. Donovan, J.
The defendants are charged with violations of section 165.05 of the Penal Law.
Bach defendant moves to dismiss the information on the sole ground that it does not contain any nonhearsay evidence on the element of the crime: lack of consent of the owner.
*110 Annexed to the information is a certified copy of the police teletype message from the New York City Police Department received by the Nassau County Police Department identifying the car in which the defendants were observed to be riding as one reported stolen to the New York City Police Department. The car is identified by make, year and registration number.
The questions presented are:
1. What is meant by “ non-hearsay ” as that term is used in CPL 100.40?
2. Is a business entry which is admissible in evidence on a trial pursuant to CPLE 4518, when made part of an information, competent proof?
3. Is a teletype communication annexed to this information admissible on a trial, pursuant to CPLE 4518?
4. Does the teletype communication constitute sufficient evidence of lack of consent of the owner (Penal Law, § 165.05) ?
The term “ Non-hearsay ” is not defined in the statute. Business records are hearsay. (Eichardson, Evidence, [9th ed.], § 225.) Yet they are not excluded by the rule against admission of hearsay if they pass the test of CPLE 4518. In the latter case they are not objectionable hearsay. Simply stated, the term hearsay may be used with two meanings: (1) hearsay generally, which includes business records described in CPLE 4518; or (2) objectionable hearsay, which does not include such business records.
In People v. James (4 N Y 2d 482, 485) the Court of Appeals said that ah information would be sufficient if ‘ ‘ the identifiable sources of such information and the grounds of such belief ” were set forth. This was what we may call identifiable hearsay, but the court did not then and, has not since, defined or elaborated on the meaning of the term. The court was clearly dividing hearsay into two categories: identifiable and nonidentifiable. At the time the law on the sufficiency of informations was evolving in the cases, the thinking of the court had not perhaps crystallized to the point where it was ready to define identifiable hearsay. But surely the court yras cognizant of the exceptions to the hearsay rule, particularly insofar as it related to business and public records. Such records are readily identified by reference to such things as numbers, dates, volumes and pages. They readily fit the definition of identifiable hearsay as that term would commonly be understood. Such an apt term to cover exceptions to the hearsay rule was not carried over to the Criminal Procedure Law nor was any other term or any other language used in the new procedure law to explicitly *111 recognize or authorize the use of hearsay exceptions in informations. In this state of the law, such exceptions must be authorized implicitly in the Criminal Procedure Law or we have the absurd result that the rules for making an information are more stringent than those applicable to criminal trials and hearings. In the light of the historical case background and the absurdity of any other construction, we must construe hearsay as used in the Criminal Procedure Law to mean hearsay which is not admissible on the trial.
A business entry which passes the test of CPLR 4518 is competent proof in an information, and the certified copy of the teletype message passes that test.
The subject of police records and their admissibility to prove larceny of automobiles was recently reviewed in People v. Meyers (72 Misc 2d 1003, 1007). The court said: “ Even in the absence of eyewitness testimony, a prima facie case of larceny may be readily made out without the direct testimony of the owner of the vehicle. The contractual obligation of the owner of the automobile to report its theft was sufficient to warrant receiving in evidence the report of the theft, as an exception to the rule against hearsay evidence. An additional argument for placing provisional confidence in the owner’s report that his car had been stolen, is to be found in the provisions of section 240.50 of the Penal Law, which make it a misdemeanor for a person to report gratuitously to a law enforcement officer or agency the alleged occurrence of an offense or incident which did not in’ fact occur. The duty to report truthfully any occurrence calling for police service, is a duty of reasonable conduct imposed by common law as well as by statute (Daas v. Pearson, 66 Misc 2d 95, affd. 37 A D 2d 921 [2d Dept., 1971]).”
The court was of course referring there to the initial or primary record of the owner’s complaint (Form P. D. 313-152) which had been the subject of similar comment in People v. Giesa (71 Misc 2d 506). The teletype record in this case is not the primary record, but it is a record which is made from that primary record. The defendants call attention to the best evidence rule and insist that the prosecution should be compelled, at least, to annex the initial complaint of the owner. The best evidence rule applies only to original writings as contrasted to copies, or paroi, or other evidence, in substitution, or in place, of the original. Any use of the best evidence rule to differentiate between degrees of evidence, on the basis of quality or probative force, is archaic. (Richardson, Evidence [9th ed.], § 545.) The copy of the teletype record is certified by Inspector Wolf of the *112 Nassau County Police Department. This is sufficient to permit use of the copy in place of the original teletype message.
So far as primary or secondary records are concérned, we are constantly dealing with such records in commercial cases, and the fact that the invoice or primary record is available and is a record kept in the regular course of business will not preclude the introduction of the ledger or other record which is compiled from the primary records. This analogy fits the teletype message, as compared with the basic statement of the owner.
The defendants also urge the danger of innocent persons being arrested and held where mistakes may occur in such teletypes. It seems that the defendants are unduly alarmed. The teletype identifies the car by three references: the year, the make, and the license plate number. It would be unusual if an error occurred in each of these three instances. Furthermore, the operator will be expected to have available, as is required by law, a copy of the registration. If this is exhibited to the policeman, either at the time of the arrest, or the information is furnished subsequent to the arrest, any error will be quickly discovered. On the policy level we are dealing with two competing interests or two different principles. The court certainly does not wish to endorse any procedure which is fraught with error and may result in the incarceration of innocent persons. On the other hand, we must consider the difficulty in prosecuting cases dealing with automobile larceny or unauthorized use where owners may not be readily available and their presence will be required in court on numerous occasions. This is enough to defeat some prosecutions if it is carried to an extreme. There appears to be very little danger of frequent error in relying upon such teletype messages.
In support of their contention defendants’ counsel cite Johnson v. Lutz (253 N. Y. 124); Hall v. Plymouth Discount Corp. (23 A D 2d 835); Yeargans v. Yeargans (24 A D 2d 280) and Matter of Richard v. MVAIG (23 A D 2d 922).
These cases taken together support the proposition that there is no rule which admits police reports in all cases, and there is no rule which excludes police records in all cases. Each case must be separately considered. The record may, or may not, be admitted, either generally, or for a limited purpose, depending on the nature of the report and the issues before the court.
In Johnson v. Lutz (supra) the court rejected an accident report. Experience in the trial of negligence cases has shown the statements of opposing drivers to be affected by bias and *113 self-interest which impairs their trustworthiness. Incorporation in a police report does not add to their reliability.
In Hall v. Plymouth Discount Corp. (supra) the police blotter was actually admitted, but its effect was limited on the trial.
The New York City Police Department was under a duty to receive and check the report of the owner and under a duty to transmit that information to the police of other jurisdictions, and the Nassau County Police Department was under a duty to receive, record and act on that information. The teletype message is the regular course of such communication. It would be generally admissible on a trial, despite the fact that its purpose might be limited on a trial. (Zaulich v. Thompkins Sq. Holding Co., 10 A D 2d 492; Chemical Leaman Tank Lines v. Stevens, 21 A D 2d 556.) It is nonhearsay evidence sufficient to establish, if true, that defendants did “ not have consent of the owner” (GPL 165.05).
Accordingly, it is the opinion of the court that the informations áre sufficient and the motions to dismiss are denied.