OPINION OF THE COURT
Carol Berkman, J.
The defendant, who is charged with 26 counts of violating section 632 (subd 1, par [a]) of the Labor Law, has moved to dismiss the charges pursuant to CPL 170.30 (subd 1, pars [a], [¶] and/or [g]). She asserts that the accusatory instrument is not properly supported by non-hearsay allegations establishing every element of the crimes charged and the defendant’s commission thereof, as required by CPL 100.15 (subd 3) and 100.40 (subd 1, par [c]); that there exists a legal impediment to her conviction in that she has an appeal pending in the Appellate Division, Third Department, presenting the central issue involved in this case; and that the charges *481 should be dismissed in the interests of justice in that the State has elected to pursue its civil remedies against her.
The fact that defendant is contesting her entitlement to unemployment benefits is not a legal impediment to her conviction, although judicial economy may dictate that this prosecution be adjourned pending determination of the appeal. Nor does the State’s election to pursue civil remedies preclude this criminal prosecution. While defendant’s reply memorandum hints that she may have a defense of mistake of law pursuant to subdivision 2 of section 15.20 of the Penal Law, that claim has not been sufficiently developed on this motion to permit of decision.
The defense argument that the accusatory instrument is not an information has some merit as discussed below, although dismissal of the charges is not warranted. The State should be afforded a reasonable adjournment to obtain additional support for the accusatory instrument.
THE SUFFICIENCY OF THE INFORMATION
Annexed to the accusatory instrument, as the basis of the complainant’s information and belief, are two documents. The first is described in the complainant’s affidavit as a photocopy of a computer printout of the “benefit ledger transcript”, maintained by the New York State Department of Labor in the regular course of its business. The printout shows unemployment insurance payments to a person bearing defendant’s name and Social Security number. The second document is the affidavit of an Unemployment Insurance Specialist (“U-I Specialist”) working for New York University, the defendant’s alleged employer during the period in question. That affidavit is based on information from the alleged employer’s payroll records.
The State asserts, and this court agrees, that certain reasonable inferences, supporting all the elements of the crimes charged, may be drawn from the factual allegations that unemployment insurance benefits were paid while the defendant was employed. But while the computer printout appears prima facie to be admissible to *482 support the allegation that unemployment benefits were paid (Guth Realty v Gingold, 34 NY2d 440, 451), the affidavit of the U-I Specialist is not apparently admissible as an exception to the hearsay rule.
The State argues for the affidavit’s admissibility on the grounds that section 575 of the Labor Law requires not only that regular payroll records be kept but also that the employer “shall furnish to the commissioner, upon demand, a sworn statement of the same.” The fact that there may be a legal obligation to furnish the affidavit to the commissioner does not mean that the affidavits are routinely kept and made in the regular course of business. To the contrary. The affidavits are not prepared regularly, but “upon demand”, and, as the State admits, the demands for such affidavits are made in the course of Labor Department’s investigations. The fact that these investigations may be routine for the Labor Department does not mean that the preparation of the affidavit is routine for the employer.
To the extent that this issue is in doubt, the benefit of the doubt must be given to the defendant. To do otherwise could result in nullifying any conviction obtained, notwithstanding that the evidence at trial was legally sufficient or even overwhelming. The defendant here is most certainly not waiving her right to be tried on an information. Thus, if the accusatory instrument here is not an information, but only a misdemeanor complaint, there will be a certain reversal on appeal. (People v Weinberg, 34 NY2d 429.)
Furthermore, even admissible business records are hearsay, and rendered admissible only by an exception to the hearsay rule. The statutes defining an information require “non-hearsay allegations” (CPL 100.15, subd 3; 100.40, subd 1, par [c]). This requirement has the purpose of deterring the bringing of baseless prosecutions by demanding “that criminal proceedings be underpinned by ‘the sanction of an oath and subject to the penalty of perjury if willfully false’ ” (People v Jeffries, 19 NY2d 564, 567, quoting People ex rel. Livingston v Wyatt, 186 NY 383, 391). Since hearsay evidence is admissible only *483 if it satisfies some guarantee of reliability other than the sanction of the oath, the purpose of the rule is fulfilled as long as the information is based on admissible hearsay. (People v Conoscenti, 83 Misc 2d 842.) Unquestionably the literal reading of the statutes — to require actual “non-hearsay” — would be without purpose and produce an absurd result. In this case, for example, if the business records of the Labor Department cannot be used to support the information, then the only practical way for the State to obtain an accusatory instrument against the defendant would be by presenting this admissible evidence to a Grand Jury. But absent a revision of the statute by the Legislature at least we should proceed with caution: if there is any doubt about the admissibility of hearsay, it should not be used to support an information.
Accordingly, the State should supply additional depositions with respect to defendant’s employment and be accorded a reasonable adjournment for that purpose.