OPINION OF THE COURT
Raymond J. Barth, J.
This matter is before the court pursuant to a petition filed on February 27,1984, wherein it was alleged that the 13-year-old respondent has committed an act, which if done by an adult, would constitute a crime of sexual abuse in the first degree. The respondent denied the petition and moved for the following relief: dismissal of the petition as defective; an order directing the presentment agency to produce certain items; and an order for discovery of certain items.
*262 A petition is subject to a motion to dismiss as defective when it does not substantially conform to the requirements of section 311.2 of the Family Court Act (Family Ct Act, § 315.1). Subdivision 3 of section 311.2 states that a petition is sufficient when the “non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof.”
“A person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact * * *
“3. When the other person is less than eleven years old.” (Penal Law, § 130.65.)
The respondent contends that the petition is defective “in that the non-hearsay allegations of the factual part of the petition or of any supporting depositions do not establish, if true, every element of the crime of Sexual Abuse in the First Degree”. Upon examination of the petition and the supporting papers, it is evident that there are sufficient nonhearsay allegations to establish, if true, every element of the crime charged. The deposition of the alleged victim’s mother states that the child is three years of age. The respondent’s deposition recites that he “took Lisa [the alleged victim] to her own bedroom and as soon as we were in the bedroom I got the urge to take off her pants. Lisa was standing by the bed when I removed her pants and underwear [sic], she didn’t cry or say anything. I then touched her with my hand between her legs and on her butt for a few minutes”.
Sexual contact is defined as “any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party.” (Penal Law, § 130.00, subd 3.) Respondent’s deposition satisfies this definition.
Respondent further contended that upon suppression of his confession, the only supporting affidavit remaining would be that of the alleged victim’s mother, which contains hearsay allegations. Therefore, respondent urged, the petition should be dismissed as defective. Since no such suppression has yet been granted, the court need not address this issue. The court notes that respondent’s right to so move, should suppression be granted, is hereby preserved.
*263 The respondent also maintained that the petition was defective for failure to contain any nonhearsay allegations to corroborate the alleged confession. Subdivision 3 of section 344.2 of the Family Court Act provides that “A child may not be found to be delinquent based on the commission of any crime solely upon evidence of a confession or admission made by him without additional proof that the crime charged has been committed.” This is a matter to be weighed by the trier of fact subsequent to the fact-finding hearing. To hold otherwise would require the prosecution to provide all of its evidence for the proof of its case within the perimeter of the petition and its supporting documents.
Respondent’s demand to produce pursuant to section 331.2 of the Family Court Act is taken nearly verbatim from said section and, therefore, is a proper demand.
Section 330.2 of the Family Court Act permits a respondent to make a motion to suppress evidence in accordance with CPL 710.20. Contrary to respondent’s affirmation of March 17, 1984, both parties have submitted opposing affidavits as to how certain evidence has been acquired. Therefore, a suppression hearing shall be scheduled. (CPL 710.60.)
Respondent’s demand for discovery in accordance with section 331.4 of the Family Court Act is proper and is, therefore, granted.
On April 2, 1984, the respondent filed an additional pretrial motion seeking dismissal of the petition for failure to comply with sections 305.2 and 308.1 of the Family Court Act. The presentment agency’s request that said motion be summarily dismissed is denied pursuant to subdivision 3 of section 332.2.
Upon release of a child to its parents’ custody the arresting officer is to issue a Family Court appearance ticket to the child and the parents. (Family Ct Act, § 305.2, subd 4, par [a].) No appearance ticket was issued to the respondent herein.
A Family Court appearance ticket is a written notice directing the child and its parent to appear at a probation service regarding the crime alleged to have been committed by the child. (Family Ct Act, § 307.1, subd 1.) The *264 purpose of directing the matter to the probation service is to allow the potential respondent and other interested persons to confer regarding possible adjustment of the matter. (See Family Ct Act, § 308.1.)
It is respondent’s position that no adjustment process was ever initiated and that no order was ever entered extending the two-month period allowed for such adjustment. (See Family Ct Act, § 308.1, subd 9.) However, exhibit A of respondent’s affirmation in reply to answering affirmation dated March 27, 1984, indicates that the respondent had been involved with Probation Department services. Therefore, notwithstanding the fact that respondent did not receive a formal Family Court appearance ticket, in substance the effect of the ticket has been achieved.
It is apparent that the probation service unsuccessfully attempted to extend the period of the adjustment process. However, the expiration of the adjustment period does not deprive the court of jurisdiction over the case. The statutory subdivision merely establishes the maximum time period for the Probation Department’s adjustment efforts. Nowhere does it imply that the adjustment process may limit the jurisdiction of the court.
It is a well-established principal of law that a court should not read words into a statute to give it a meaning not otherwise found therein. (Schampier v Office of Gen. Servs., 73 AD2d 1011, affd 52 NY2d 746.) This is particularly applicable in that the Legislature could easily have inserted a provision regarding dismissal of the petition if such was their intent.
It is the determination of this court that, under the circumstances of the instant proceeding, dismissal of the petition is not warranted by the failure of the arresting officer to issue a Family Court appearance ticket or by the expiration of the period of probation adjustment. These are not tantamount to egregious violations of the Family Court Act sufficient to warrant dismissal of the petition as urged by the respondent.
Now therefore, it is ordered, that respondent’s motion to dismiss the petition as defective be and the same hereby is denied; and it is further ordered, that respondent’s motion *265 for discovery and production be and the same hereby is granted; and it is further ordered, that respondent’s motion filed on April 2, 1984 be and the same hereby is denied in all respects; and it is further ordered, that this matter be set down for a suppression hearing on the 22nd day of May, 1984, at 11:00 in-the forenoon of that day.