OPINION OF THE COURT
Michael A. Ambrosio, J.
Respondent is charged with acts which, were he an adult, would constitute the crime of bail jumping in the second degree, a class E felony, in violation of section 215.56 of the Penal Law. The fact upon which this petition is based are that respondent had previously been charged on docket D-6026/83 with having committed acts which, were he an adult, would constitute the crime of grand larceny in the third degree. Respondent was arraigned on September 12,1983 and released. On December 9,1983, an adjourned date for his trial, respondent failed to appear. The Judge presiding on the case decided to notify respondent that if he failed to appear on February 22, 1984 a warrant would be issued for his arrest. On February 22, 1984 respondent did appear and the presentment agency withdrew its petition against him. On March 26, 1984 the presentment agency charged the respondent with bail jumping for having failed to appear in Family Court on September 12, 1983 or 30 days thereafter.*
*580 Respondent has moved to dismiss the instant petition on the grounds that failure to appear in the Family Court on a juvenile delinquency petition does not constitute a violation of the bail jumping statute. This case appears to be one of first impression in this court.
Section 215.56 of the Penal Law states: “A person is guilty of bail jumping in the second degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance upon condition that he will subsequently appear personally in connection with a criminal action or proceeding, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.”
In determining the applicability of a penal law to a given set of facts we are instructed by the Court of Appeals neither to be overly technical in interpreting penal provisions nor to extend them beyond the fair scope of the statutory mandate. (People v Sansanese, 17 NY2d 302.) Guided by this precept we now must examine the statute to determine whether the Legislature intended to apply it to juvenile delinquency proceedings in Family Court. We note, first, that the statutory crime is called “bail jumping”. The Legislature was clearly aware when it enacted section 215.56 of the Penal Law that bail does not exist in juvenile delinquency proceedings. (People ex rel. Wayburn v Schupf, 47 AD2d 79.) Although this fact is not, by itself, outcome determinative of the case at bar since the statute would clearly apply to an adult who is released on his own recognizance, nevertheless, it does indicate that the legislative focus in enacting the “bail jumping” statute was the adult criminal process and not juvenile delinquency proceedings. Indeed, the juvenile delinquency proceeding does not provide for a juvenile’s release on his own recognizance any more than it provides for bail. Rather, a juvenile who is released at “arraignment” is sent home to the custody of his parents or guardian for “[c]hildren, by definition, are not assumed to have the capacity to take care of themselves. They are assumed to be subject to the control of their parents”. (Schall v Martin, 467 US_, _, decided June 5, 1984.)
*581 Since juveniles are neither released on bail nor on their own recognizance the language of section 215.56 of the Penal Law does not appear to apply to them. Furthermore, the crime of bail jumping is one which the statute limits to the context of a “criminal action or proceeding”. While the courts of this State have extended many criminal due process safeguards to juvenile delinquency proceedings, the Court of Appeals has gone no further than to call juvenile delinquency proceedings “quasi-criminal”. (Matter of Gregory W., 19 NY2d 55.) Furthermore, although the Penal Law does not define the term “criminal action or proceeding”, the Criminal Procedure Law provides a definition which clearly excludes juvenile delinquency proceedings in Family Court. (See CPL 1.20, 10.10.)
Finally, in the 16 years since the enactment of section 215.56 of the Penal Law, this court is not aware of a single instance in which it has been used in a juvenile proceeding. Over that period of time more than a few juvenile respondents have failed to appear for their hearings. Nevertheless, not one of them has apparently been charged with violating the bail jumping statute. This history coupled with the analysis of the statute itself leads ineluctably to the conclusion that the bail jumping statute cannot be applied to juvenile delinquency proceedings in the Family Court.
Respondent’s motion to dismiss the petition is granted.

 Although respondent has not raised the point, the court notes that the respondent would appear to have an obvious defense to the charge, i.e., he appeared on the next court date after notification by the court to do so. It was the court which set this date *580 more than 30 days after his initial failure to appear.