OPINION OF THE COURT
Leon Deutsch, J.
The respondent herein is charged in an instrument purporting to be a juvenile delinquency petition with acts, which were she over the age of 16 at the time of their alleged commission, would constitute the crimes, to wit: violations of Penal Law § 155.30 (4) (grand larceny in the third degree); Penal Law § 155.25 (petit larceny); Penal Law § 165.45 (2) (criminal possession of stolen property in the second degree); and Penal Law § 165.40 (criminal possession of stolen property in the third degree).
Respondent now moves to dismiss the petition as legally insufficient pursuant to Family Court Act §§ 311.1 and 311.2.
The respondent contends that the petition, which has attached to its accusatory part, complainant’s affidavit of ownership of certain property and her statement that she did not give respondent permission to take or possess same, together with a copy of respondent’s signed, witnessed and unsworn confession, is not sufficient pursuant to Family Court Act § 311.2, insofar as the *654 unsworn statement of respondent is not a “supporting deposition”, and thus fails to meet the requirements of the aforesaid statute. (The police officer who took the confession from the respondent also signed, that instrument as a witness thereto.)
The petitioner contends that the petition, as herein framed, is legally sufficient, and that it would be absurd to dismiss a petition because it contains a written confession by the respondent which is unsworn, when the same confession could be received into evidence at the trial itself.
The question thus squarely presented is: May a written confession signed by a respondent, and witnessed by another, albeit unsworn by the respondent, be utilized in and attached to a petition, in such manner, so as to make legally sufficient a juvenile delinquency petition pursuant to Family Court Act §311.2?
This court answers this question in the affirmative, and does not dismiss the petition, on the basis of respondent’s contention, for all of the reasons herein set forth. The petition is, nevertheless, dismissed for failing otherwise to meet the test of sufficiency.
The complainant in her verification states, as indicated, that she owned certain property as therein delineated, the value thereof, and that she did not give to respondent permission to take or possess same. There is no identification of the respondent in this complainant’s affidavit, nor anything therein which tends to connect the respondent with the crime. The presentment agency relies on the attached, signed, unsworn confession for this purpose, and in order to make out a petition sufficient under the law.
The operative statute is Family Court Act § 311.2, which reads as follows:
“A petition, or a count thereof, is sufficient on its face when:
“1. it substantially conforms to the requirements prescribed in section 311.1; and
“2. the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or, crimes charged; and
“3. non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof.”
Family Court Act § 311.2 is based upon CPL 100.40 (Sobie, Practice Commentary, McKinney’s Cons Law of NY, Book 29A, *655 Part I, Family Ct Act § 311.2, p 340). Although provisions of the CPL are not automatically applicable to the Family Court Act, unless they are specifically applied by the Family Court Act, the Family Court may utilize the CPL to the extent that it “may assist the court in interpreting similar provisions” in the Family Court Act (Family Ct Act § 303.1 [2]).
CPL 100.40 (1) reads:
“(1) An information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
If one substitutes the word “information” with the word “petition” this statute (CPL 100.40) is interchangeable with Family Court Act § 311.2. Accordingly, this court appropriately looks to CPL 100.40, and its interpretation by logic and by case law, in order to comprehend and apply Family Court Act § 311.2.
Family Court Act § 311.2 (1) states that the petition must substantially conform to Family Court Act § 311.1. CPL 100.40 (1) (a) states that an information must substantially conform to CPL 100.15. Before we compare all of CPL 100.40 to Family Court Act § 311.2, we should, therefore-, first look to see whether the requirements for CPL 100.15 and Family Court Act § 311.1, respectively, are substantially similar.
Under CPL 100.15 an information must be “verified by a person known as the ‘complainant’ ”. A complainant is defined as any person “having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged.” The information is divided into two sections, a factual part and an accusatory part. Only the factual part requires verification by the complainant.
The factual part of the information instrument must allege facts of “an evidentiary character” which support or tend to support the charges. However, “every element of the offense charged and the defendant’s commission thereof must be sup *656 ported by non-hearsay allegations of such information and/or any supporting depositions”, as provided in CPL 100.40. (CPL 100.15 [3].)
Family Court Act § 311.1, while containing certain provisions necessary, specifically, to juvenile delinquency proceedings, is substantially similar in many respects. Although not specifically described as such, the petition requirements are obviously divided into two parts — accusatory and factual. The petition must contain “a plain and concise factual statement in each count which, without allegations of an evidentiary nature” must support each element of the crime charged in order to clearly apprise the respondent of the “conduct which is the subject of the accusation.” (Family Ct Act § 311.1 [2] [h].) This is substantially similar to the accusatory part of the information under CPL 100.15 which does not require evidentiary allegations. This accusatory part of the petition must be signed by the attorney for the presentment agency. (Family Ct Act § 311.1 [2] [k].)
Family Court Act § 311.1 (4) provides one element which does not appear in CPL 100.15. This subsection requires verification pursuant to the CPLR. Verification as defined in CPLR 3020 requires an “affidavit of the party” unless the party is the State at which time it can be made by “any person acquainted with the facts.” (CPLR 3020 [d].) An affidavit pursuant to CPLR 3020 and 3021 is based on “knowledge of the deponent, except as to matters alleged on information and belief”.
While the presentment agency represents the State, it is unlikely, and, indeed, would defy common sense, that this verification is to be made by the presentment agency’s attorney, who has already signed the accusatory part of the petition. It is more likely, and eminently sensible, that this “verification” is to be subscribed and verified by a complainant, and that such verification should contain all of the substantially same requirements as the complainant’s verification under CPL 100.15. Therefore, just as the complainant’s verification must apply to the factual part of the instrument (information), and be of an evidentiary nature under CPL 100.15, so too, the complainant’s verification must apply to the factual part of the instrument (petition) and be of an evidentiary nature under Family Court Act § 311.1.
Such analysis of how the factual part of a petition under Family Court Act § 311.2 operates in conformity with Family Court Act § 311.1 is further evidenced by the fact that the complainant’s verification under CPL 100.15 (3) supplies the factual or evidentiary part of an adult criminal information supported by nonhearsay allegations based upon personal *657 knowledge or information and belief. So, too, it can only logically be the complainant’s verification pursuant to Family Court Act § 311.1 (4), when read together with Family Court Act § 311.2 (as the latter statute must substantially conform to the former statute), which, whether based upon personal knowledge or upon information and belief, as permitted by both the CPL and CPLR, must be supported by “non-hearsay [factual] allegations of the factual part of the petition”. (Family Ct Act § 311.2 [3].)
It should be further noted that Family Court Act § 311.2 (2) speaks to “the allegations of the factual part of the petition” (shown above to be formed by the complainant’s verification), “together with those of any supporting depositions which may accompany it” (emphasis added). Family Court Act § 311.2 (3) speaks to “non-hearsay allegations of the factual part of the petition or of any supporting depositions” (emphasis added). Clearly, Family Court Act § 311.2 itself points to the significant distinction between a complainant’s verification and a “supporting deposition”.
“Supporting deposition” as defined in CPL 100.20 is a supporting deposition as verified by a “person other than the complainant (emphasis added). This may also contain factual allegations based either upon personal knowledge or information and belief. Plainly, the complainant’s verification used by the presentment agency for juvenile delinquency petitions is mistitled as “supporting deposition”. The complainant’s verification which is a necessary part of the juvenile delinquency petition pursuant to Family Court Act § 311.1 (4) and a “supporting deposition” (CPL 100.20) are two separate and distinct documents. A complainant’s verification is an essential element of a petition or of an information. A “supporting deposition” is a noncomplainanfs affidavit which supplements an accusatory instrument, but which is not essential to the instrument in every circumstance.
Thus, when Family Court Act § 311.2 refers to the “non-hearsay allegations of the factual part of the petition” it refers to those factual allegations stated in the complainant’s verification, which, whether made upon personal knowledge or upon information and belief, must be based upon nonhearsay factual allegations; indeed, in precisely the same manner as the complainant’s verification underpins the factual part of the information pursuant to CPL 100.15 (1).
The nonhearsay requirement of CPL 100.40 and 100.15 arose from the evolution of the holding in People v James (4 NY2d 482 [1958]). There the court held that an information had to give *658 “reasonable guarantees against baseless prosecutions not predicated on probable cause” and that the information be based on “competent legal evidence”, supported by depositions, “or that at least the sources of information and grounds of the belief be stated” (supra, p 486).
The advent of the CPL changed this rule and mandated the requirement that the complainant’s verification be based upon “non-hearsay allegations”. Decisional law subsequently interpreted this to mean that such verification could be based upon “admissible hearsay” (that is, exceptions to the hearsay rule).
In People v Fields (74 Misc 2d 109 [Dist Ct, Nassau County 1973]) the court held that an information could be based upon hearsay which is admissible under an exception to the hearsay rule. Thus, the court held as admissible a police teletype message which reported the theft of complainant’s automobile under the business record exception to the hearsay rule. The Fields court wisely noted that were this not so, there would exist “the absurd result that the rules for making an information are more stringent than those applicable to criminal trials and hearings. In the light of the historical case background and the absurdity of any other construction, we must construe hearsay as used in the Criminal Procedure Law to mean hearsay which is not admissible on trial” (supra, p 111; emphasis added).
In People v Conoscenti (83 Misc 2d 842 [Dist Ct, Suffolk County 1975]), the court likewise applied the holding in Fields (supra), to wit: that “admissible hearsay” is equivalent to “non-hearsay” under the CPL. However, for reasons peculiar to the case, the court there found the instrument (a misdemeanor complaint) to be based on hearsay allegations and dismissed the same.
In People v Haskins (107 Misc 2d 480, 482-483 [Crim Ct, NY County 1981]) the court there also applied the Fields rule, and held that “[s]ince hearsay evidence is admissible only if it satisfies some guarantee of reliability other than the sanction of the oath, the purpose of the rule is fulfilled as long as the information is based on admissible hearsay” (citing People v Conoscenti, supra).
In People v Flushing Hosp. & Med. Center (122 Misc 2d 260 [Crim Ct, Queens County 1983]), the court once again faced this issue. The court, however, questioned whether or not the particular type of hearsay in Flushing, upon which the information was based, was admissible. The court (supra, p 268), quoting and citing Haskins (supra, p 483), favorably, stated “ ‘if there is any *659 doubt about the admissibility of hearsay, it should not be used to support an information.’ ”
Confessions are admissible at trial or fact finding as an exception to the hearsay rule. (Richardson, Evidence § 540 [Prince 10th ed].) Thus, there is a valid and appropriate basis for a confession, in a proper context, to form the nonhearsay (or admissible hearsay) allegations, which support the factual part of the information or petition, as required, via the complainant’s verification.
In Matter of Rodney J. (122 Misc 2d 836, 837 [Fam Ct, NY County 1984]), the court reaching, to the same issue which confronts us here, concluded that the statement (or confession) of the respondent is “not sworn to as to qualify it as a supporting deposition,” and that the petition, therefore, “is not supported by any sworn statement of a nonhearsay nature.” The court while conceding that CPL 100.20 was “not directly applicable”, nevertheless, chose to find that the section was “instructive as to the definition of the term supporting deposition” (supra, p 837) and reasoned that the statement of the respondent must be sworn to. Hence, the court there held the petition to be legally insufficient and dismissed same.
This court, with great respect for my colleague in Rodney J. (supra), holds a contrary view. This court views the unsworn, but signed, confession of the respondent as an independent nonhearsay factual allegation (that is, admissible hearsay) under Family Court Act § 311.2 which could, in proper context, form the basis for a complainant’s verification pursuant to Family Court Act § 311.1 where such verification is based upon information and belief. Nor does this court view a “supporting deposition” as anything other than it purports to be under CPL 100.20, that is, a verification by a noncomplainant in support of an information under the CPL or of a juvenile delinquency petition under the Family Court Act.*
Notwithstanding, the complainant’s verification herein is legally insufficient on its face — not because the respondent’s confession as attached to the petition is unsworn; and not because this signed unsworn confession fails to be a “supporting *660 deposition”, which it could not be, in any circumstance, under the relevant statutes as herein shown. The reason for such insufficiency is that the complainant’s verification fails to state, even upon information and belief, all of the acts alleged to have been committed by the respondent, and which would, if true, support the crimes alleged.
Accordingly, the petition is dismissed without prejudice to the presentment agency to present a petition containing a factually adequate complainant’s verification. Such verification may be based upon information and belief, and it should “specify with particularity the nonhearsay basis” of the verification. (People v De Roos, 118 Misc 2d 445, 448 [Crim Ct, Kings County 1983].) The complainant’s verification may be based upon respondent’s confession and it may be supported by a “supporting deposition”, if any, from the police officer who signed the respondent’s confession as a witness thereto.

 In Matter of Claude E. (124 Misc 2d 261 [Fam Ct, Onondaga County 1984]) the court had before it the issue of the sufficiency of a petition based upon a confession. Although the court in Claude E. upheld the sufficiency of the petition, in that case at least, it appears that the respondent’s confession was a “deposition” that was sworn to and it could be used to support the petition. This is in contrast with the case at bar in which the confession was unsworn. Therefore, the holding in Claude E. is not dispositive of the issue presented in this case.