OPINION OF THE COURT
Herman J. Walz, J.
Defendant is charged with driving while intoxicated. He was arrested after having been involved in an automobile accident. The information, sworn to by the arresting officer, states his personal observations as to intoxication. That defendant operated a vehicle is shown only by defendant’s admission to the officer.
Defendant moves to dismiss the information, since there are no nonhearsay allegations of an essential element of the crime, that defendant operated the vehicle. (CPL 100.40 [1] [c].) Defendant cites People v Flushing Hosp. & Med. Center (122 Misc 2d 260). He argues that although the admission may be used at trial, it is clearly hearsay, and is admissible only as an exception to the hearsay rule.
A literal reading of the statute would justify a dismissal of this information. Although several courts have dealt with informations which contain hearsay which might be admissible at trial, none of them have dealt with this form of hearsay, an admission by the defendant. (See, People v Fields, 74 Misc 2d 109; People v Conoscenti, 83 Misc 2d 842; People v Haskins, 107 Misc 2d 480.)
Fields (supra), found that the use of a hearsay exception in an information is implicitly authorized by the statute. Otherwise, we would have the absurd result that the rules for informations would be more stringent than the rules for trials. Conoscenti and Haskins (supra), followed Fields in holding that “admissible *72 hearsay” may be used in an information, but each finds that the hearsay offered in those cases was not admissible. In Flushing Hosp. the proffered hearsay, an admission by an agent, might or might not be admissible. The fact of agency and the authority of the agent must be shown.
That court distinguished the three previous cases, pointing out that in each the hearsay was a business record which was before the court. The court refused to extend the “admissible hearsay” analysis to the kind of hearsay offered in that case. Reliability of the hearsay in the other cases was assured, because the business record was there to be seen. In the Flushing case (supra), a proper foundation was needed for the admission to be allowed into evidence at trial.
While in this case the hearsay is admissible without any foundation being laid, it will be the subject of a Huntley hearing. Until the People meet their burden, this statement will not be admitted at trial. This would seem to make its reliability at this stage even more suspect than the hearsay in the other cases.
At trial the reliability of testimony must be attested to by the sanction of an oath, and the same requirement applies to the information. Yet, with each exception to the hearsay rule at trial there is “the circumstantial probability of reliability”. (See, Richardson, Evidence § 206 [10th ed].) Indeed it is that reliability which is the test of the exceptions to the rule. If the law allows exceptions at trial, the law must allow those same exceptions in the information. The same reliability test is applied in both instances, and carries the day against the need for the sanction of an oath. However, reliability is a question to be tested at trial, where the proceedings are designed specifically to test it.
The purpose of an information is to inform the defendant of the charges against him. (People v Cooper, 35 Misc 2d 90.) Nevertheless, the purpose of the statutory requirement that there be nonhearsay allegations in the information is to “[deter] the bringing of baseless prosecutions by demanding ‘that criminal proceedings be underpinned by “the sanction of an oath” ’ ”. (People v Haskins, 107 Misc 2d 480,482, supra; People v Jeffries, 19 NY2d 564.)
In many cases an essential element of a crime can only be proved by an admission, or by some other hearsay exception. A driving while intoxicated charge may result from a one-car accident with no witnesses. Without an admission, frequently the charge cannot be lodged. If defendant’s argument here is accepted, we would have the anomalous situation of a case that *73 could be proved at trial, but could not be charged because of a literal reading of the statute. Dickens’ Mr. Bumble has said, in a different context, “the law is a ass”. This court does not wish to encourage those sentiments. In order to avoid an absurd result, this court reads the statute to allow the allegations required in an information to be comprised of admissible hearsay.
This information is not defective.