*569 OPINION OF THE COURT
Muriel Hubsher, J.
In a three-pronged motion defendant, Linda Smith, challenges the jurisdictional sufficiency of an accusatory instrument, the People’s right to amend or supersede that instrument and, lastly, for dismissal of the original accusatory instrument pursuant to CPL 30.30.
FACTS
On July 14, 1987 defendant Smith was arrested and arraigned on charges of petit larceny (Penal Law § 155.25). The misdemeanor complaint, in pertinent part, reads as follows: "The deponent is informed by Patricia Ponce that the defendant did conceal the fact of her employment with Junior Gallery, Ltd., in order to induce the Department of Social Services to grant defendant public assistance.” After arraignment, the case was adjourned to August 14, 1987. An affidavit, which purported to corroborate the complaint, signed by Patricia Ponce, an employee of the Department of Social Services, was filed on that date and the People announced their readiness for trial. Defendant was not present and a bench warrant was issued but stayed upon request of defense attorney. The case was adjourned to September 25, for the defendant’s appearance and for the service of discovery and suppression motions. On the adjourn date, the defendant, Smith, appeared in court, the warrant was vacated and answers to defendant’s motions were filed. It appears, from the court papers, that on this same date for the first time, the question of the legal sufficiency of the accusatory instrument was raised by defense counsel. The matter was adjourned to October 29, 1987. On October 22, defendant served the instant motion for dismissal. The People’s response was filed on November 9, 1987, and the court was to render its decision on November 25, 1987.
On November 25, the People served and filed an amended complaint with two corroborating affidavits and once again announced their readiness for trial over the objection of the defendant.
There are several issues before the court: first, whether the original complaint and corroborating affidavit produced a valid information; second, whether this initial accusatory instrument was capable of being amended, and lastly, whether the People complied with the speedy trial statutory requirements.
*570 ORIGINAL COMPLAINT
It is axiomatic that an information must contain nonhearsay factual allegations establishing every element of the offense charged and the defendant’s commission of that offense. However, if any allegation is predicated upon a hearsay exception the allegation is to be treated as nonhearsay requiring no further corroboration. (People v Polito, 128 Misc 2d 71 [Rochester City Ct 1985].)
In People v Haskins (107 Misc 2d 480 [Crim Ct, NY County 1981]) we find a fact pattern closely related to the facts in this case. Defendant Haskins was charged with unlawfully obtaining unemployment benefits at a time when he was actually employed. The factual allegations of the complaint were supported by two sources: a printout from the New York State Department of Labor showing unemployment benefits had been paid to Haskins, and the records prepared after an investigation of Haskins had been commenced. The court found that the statutory function of the State’s unemployment agency is to provide funds for entitled persons who are unemployed. Investigations of spurious claims of unemployment, though routinely conducted, are not the "regular * * * business” of the agency. (Supra, at 482.) The court, differentiating between the two records, concluded the printout to be a proper business record exception but rejected the investigation records as being extraneous to the agency’s scope of business.
Similarly, in the instant case, the records of weekly payments made to defendant Smith by the Social Services Department are records kept in the normal course of business. As such, they are admissible as a business record exception to the hearsay rule. However, any records containing information as to the defendant’s alleged employment are quite another matter.
During an investigation of defendant Smith undertaken by the Social Services agency information was obtained from the payroll manager of Junior Gallery, Ltd., who stated that defendant was in their employ. As the purpose of the investigation was to bring action against the defendant, the records of this investigation do not fall within a recognized hearsay exception. The allegation of defendant’s employment must, therefore, be corroborated. The People are required to provide affidavits not only from a Social Services employee but, in addition, an affidavit from defendant Smith’s alleged employer. This was not done until an amended complaint was served on November 25, 1987.
*571 RIGHT TO AMEND
The defendant’s challenge to the jurisdictional sufficiency of the accusatory instrument is without merit. While it is acknowledged that a jurisdictionally defective instrument cannot be corrected by amendment (see, People v Alejandro, 70 NY2d 133), an amendment relating to matters of form which does not change the theory of the prosecution is nonjurisdictional and is permissible. In actuality, the amendment corrected the name of the agency employee and added the name of a person representing Junior Gallery, Ltd., the company where defendant Smith worked while receiving welfare payments. Amendments of this type, limited to “time, place, names of persons and the like” (CPL 200.70 [1]; People v Pacifico, 105 Misc 2d 396 [Crim Ct, Queens County 1980]), are contemplated by CPL 170.35.
SPEEDY TRIAL CONSIDERATIONS 90-DAY REQUIREMENT
As to the CPL 30.30 aspect of defendant’s motion, the court, having found that the amended complaint plus the corroborating affidavits properly converted the accusatory instrument into an information on November 25, 1987, calculates the ”30.30” time as follows:
The defendant was arraigned on July 14, 1987. The case was adjourned to August 14th (31 days chargeable to the People) (People v Foster, 135 Misc 2d 73 [Crim, Ct, Kings County 1987]).
On August 14, the defendant failed to appear in court. A bench warrant was issued and stayed. The defendant appeared in court on September 25, 1987. This 42-day period is excludable (CPL 30.30 [4] [c]).
The case was adjourned from September 25 to October 29, for motions. However, on October 22, defendant served a CPL 30.30 motion thus tolling the 90-day speedy trial time (CPL 30.30 [4] [a]) (27 days chargeable to the People). A total of 58 days of chargeable time had elapsed.
The People were ready for trial within the 90-day statutory period. Accordingly, defendant’s motion for a CPL 30.30 dismissal is denied.