OPINION OF THE COURT
Judith B. Sheindlin, J.
The issue to be decided is whether a child may be charged as a juvenile delinquent for having committed acts constituting the crime of bail jumping in the second degree.
In January of 1990 a delinquency petition was filed against the respondent accusing him of having committed the crime of criminal possession of a controlled substance in the third degree. At the arraignment he was released and ordered to appear for trial on March 14, 1990. Upon his failure to appear in court, a warrant was issued for his arrest. The respondent was involuntarily returned on June 7, 1991.
The underlying petition, alleging the commission of a felony, was dismissed by the court on June 11, 1991, pursuant to Matter of Randy K. (77 NY2d 398 [1991]), which mandates dismissal on speedy trial grounds irrespective of the fact that the delay was caused by respondent’s intentional flight. The instant petition was filed on June 21, 1990.
The Law Guardian now moves to dismiss the petition on the grounds that bail jumping in the second degree does not apply to juveniles and that the petition is jurisdictionally defective. The motion to dismiss is denied.
Family Court Act § 301.2 (1) defines a juvenile delinquent as, "a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a) is not criminally responsible for such conduct by reason of infancy, or (b) is the defendant in an action ordered removed from a criminal court to the family court pursuant to article seven hundred twenty-five of the criminal procedure law.”
In explaining the statute it has been emphasized that: "the reader must first realize that the bar to the criminal prosecution of children is the definition of 'infancy’ incorporated in the Penal Law: 'except as provided in subdivision two of this section, a person less than sixteen years old is not criminally responsible for conduct’ [§ 30.00 Penal Law; subdivision two, stipulates that a person under the age of sixteen who commits a juvenile offense is nevertheless criminally responsible]. In effect, a juvenile delinquent is defined as a person who commits an act which would constitute a crime but for the fact *9 that the Penal Law precludes prosecution.” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 301.2, at 274.)
The plain language of these provisions of the Penal Law and the Family Court Act leads to the conclusion that the intent of the Legislature was to afford individuals under 16 the defense of infancy to the crimes set forth in the Penal Law, while at the same time subjecting them to delinquency proceedings in the Family Court for those very same acts. Generally, however, the acts as set forth and defined in the Penal Law serve as the basis for the proceedings in both courts.
This view is buttressed by the choice of the word "any” as opposed to "an” in Family Court Act § 301.2 (14) which states: "Any reference in this article to the commission of a crime includes any act which, if done by an adult, would constitute a crime” (emphasis added). The legislative intent in choosing the inclusive term should not be minimized.
Viewed in this light, to conclude that a certain crime is not the subject of a delinquency proceeding "would amount to nothing less than an impermissible judicial rewriting of the statute” (Matter of Randy K., supra, at 404), unless, of course, it is clearly inconsistent with delinquency proceedings (see, Penal Law §§ 125.27, 115.01).
In analyzing the issue at hand, the focus should be on whether the child is accused of committing an act that would constitute a crime if committed by an adult. If the act itself constitutes a crime under the Penal Law and said crime is not clearly inconsistent with delinquency proceedings, dismissal of the instant petition would be an improper circumvention of the statute.
This court finds nothing to compel the conclusion that a juvenile cannot be charged with the crime of bail jumping in the second degree.
Penal Law § 215.56 defines said crime as follows: "A person is guilty of bail jumping in the second degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear in connection with a charge against him of committing a felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.”
In holding Penal Law § 215.56 inapplicable to delinquency matters, some courts have pointed to the fact that juveniles do *10 not enjoy the right to bail. (Matter of David G., 124 Misc 2d 579 [Fam Ct, Kings County 1984]; Matter of Miguel B., NYLJ, Feb. 28, 1991, at 26, col 1 [Fam Ct, NY County 1991].)
They argue further that a child in a delinquency proceeding cannot be released upon his own recognizance as a child is always in some type of "custody”. This court respectfully disagrees.
In Schall v Martin (467 US 253, 265 [1984]), the Supreme Court stated: "juveniles, unlike adults, are always in some form of custody.” This pronouncement was based on the court’s own decision two years earlier, which specifically distinguished between the use of the term "custody” in the context of parental custody as opposed to its use in the context of governmental restraint. (Lehman v Lycoming County Children’s Servs., 458 US 502, 510-512 [1982].)
A review of the two cases leaves no doubt that the custody referred to in Schall (supra) is that emanating from the parental obligation, not custody in the sense of confinement or restraint of liberty by the Government.
For purposes of the bail jumping statute the term "custody” means restraint by the government (similar to its definition for purposes of escape, Penal Law § 205.00 [2]). This term is not only consistent with delinquency proceedings but identical language is found in the Family Court Act itself: "[to] release a child in custody” (Family Ct Act § 307.3 [1]).
The term "release on own recognizance” is defined by the Criminal Procedure Law as follows: "A court releases a principal on his own recognizance when, having acquired control over his person, it permits him to be at liberty during the pendency of the criminal action or proceeding involved upon condition that he will appear thereat whenever his attendance may be required and will at all times render himself amenable to the orders and processes of the court.” (CPL 500.10 [2].)
While it is true that "release” is ordinarily to a parent or other person responsible for the child’s care (see, Matter of David G., supra; Matter of Miguel B., supra), one should not overlook the fact that the Family Court Act distinguishes between the release of the child by authorities prior to the child appearing before a Judge (Family Ct Act §§ 307.3, 305.2) and release by the court itself (Family Ct Act § 320.5). Whereas the former speaks of release to a parent or guardian the latter does not. The Legislature saw fit to grant the court more discretion in releasing the child. Indeed, it is clear that a *11 Judge may release the child on his own, upon the condition that he will appear at a later date.
To suggest that a juvenile may be detained until a parent or guardian appears would have the potential of subjecting the juvenile to indefinite confinement. This is a violation of due process and certainly not the practice in Family Court which routinely releases respondents on their own at various stages of the proceeding. (See, Uniform Rules for Trial Cts, 22 NYCRR 205.25 [b].)
Whether released to a parent or on his own, the child has a personal obligation to return to court. To hold otherwise would directly contradict the express statutory authority (Family Ct Act § 312.2) authorizing the issuance of a warrant for the respondent upon his failure to appear, not only upon the parent’s failure to produce the child.
Furthermore, the use of the term "criminal action or proceeding” (CPL 500.10 [2]; Penal Law § 215.55) should not serve as an automatic exclusion of delinquency matters. The terms "crime” and "criminal transaction” are found in the Family Court Act (Family Ct Act §§ 306.1, 307.1, 311.1, 311.5, 311.6, 325.3). Similarly, the term "committing a felony” (Penal Law § 215.56) is not foreign to the Family Court Act (see, Family Ct Act § 353.3 [5]).
The hasty conclusion to absolve juveniles from all provisions of the Penal Law where the words "criminal action or proceeding” are found, places a cloud of uncertainty over delinquency matters. Crimes such as tampering with a witness in the third degree (Penal Law § 215.11) and intimidating a victim or witness in the third degree (Penal Law § 215.15) would be inapplicable to delinquency matters. The crimes of burglary (see, Penal Law art 140), robbery in the first degree (Penal Law § 160.15), robbery in the second degree (Penal Law § 160.10 [2]) and criminal facilitation in the fourth degree (Penal Law § 115.00 [1]) should also be excluded for the use of the word "crime”. These crimes have been the subject of numerous delinquency petitions over the years and are of such nature that it strains reason to conclude that, absent clear statutory intent, they do not include juveniles.
The Legislature chose not to write a separate penal law for juveniles. In arriving at this decision it was able to rely on the policy discouraging a strict construction of the Penal Law and encouraging a fair reading that promotes justice and effects the objects of the law (Penal Law § 5.00).
*12 SUFFICIENCY OF THE PETITION
The respondent also moves to dismiss the petition on the grounds that it is legally insufficient as it fails to contain nonhearsay factual allegations. (See, Family Ct Act §§ 311.1, 311.2, 315.1; Matter of David T., 75 NY2d 927 [1990].) This argument is misplaced.
Paragraph (7) of the petition states: "As to the allegations made herein upon information and belief, the Presentment Agency’s information and grounds of belief are the Court’s own records on file under New York County Docket No. D-573/90.”
This paragraph and the verification section of the petition indicate personal knowledge. The deponent is stating a fact known to him from court records.
The nonhearsay required by the Criminal Procedure Law (see, CPL 100.15,100.40) and the Family Court Act (see, Matter of David T., supra) has generally been construed to mean any evidence that would be admissible at trial (see, People v Alvarez, 141 Misc 2d 686 [Crim Ct, NY County 1988]).
The Appellate Division, First Department, has stated: "Hearsay, as that term is used in the CPL, has been construed to mean only hearsay which is not admissible at trial. (People v Fields, 74 Misc 2d 109; also, People v Conoscenti, 83 Misc 2d 842, 844.) Unless Family Court Act § 311.2 is similarly construed, courts, as the court in Fields aptly noted, would be confronted with 'the absurd result’ that the rules of evidence as applied to an information are more stringent than those applicable to trials and hearings (74 Misc 2d, at p 111).” (Matter of Rodney J., 108 AD2d 307, 311; see, People v Alvarez, supra, at 688.)
As the court may take judicial notice of its own records (see, Richardson, Evidence § 30 [Prince 10th ed]), the court record need not accompany the petition to satisfy the requirements of the statute (Family Ct Act § 311.2) in this case.
Accordingly, the respondent’s motion to dismiss the petition is denied in its entirety.