■ In the Matter of NATASHA C., a Person Alleged to be a Juvenile Delinquent. In the Matter of SIMONE H., a Person Alleged to be a Juvenile Delinquent. In the Matter of KAREN M., a Person Alleged to be a Juvenile Delinquent. In the Matter of MIGUEL B., a Person Alleged to be a Juvenile Delinquent.—Orders of Family Court, New York County (Sheldon M. Rand, J.), entered on or about April 16, 1991, July 25, 1990 and August 3, 1990, dismissing the juvenile delinquency petitions against Natasha C., Simone H. and Karen M., respectively, unanimously affirmed, without costs. Order of Family Court, New York County (Edward M. Kaufmann, J.), entered on or about February 8, 1991, dismissing the juvenile delinquency petition against Miguel B., unanimously affirmed, without costs.

The four respondents were charged in Family Court with acts which, if committed by an adult, would constitute the class E felony of bail jumping in the second degree. In each case, the respondent had absconded from the jurisdiction of the Family Court by failing to meet a scheduled appearance date on another juvenile delinquency charge. The viability of such an independent charge has been the subject of strong disagreement among Family Courts of this City (*see, Matter of Solomon D.*, 152 Misc 2d 7; *Matter of David G.*, 124 Misc 2d 579, reaching opposite results).

In the case of Natasha C., the record reveals neither the nature of the criminal behavior underlying the initial presentment in Family Court, nor the restrictions or conditions upon which said respondent was released pending those proceedings, nor the circumstances of her failure to appear. Simone H. was initially charged with acts constituting robbery in the second degree, and was released to the custody of her grandmother. After missing several court appearances, said respondent ultimately had to be returned involuntarily. Karen M. was initially charged with acts constituting criminal sale of a

controlled substance in the third degree, and was paroled to the custody of her mother. She was involuntarily returned to the court on a bench warrant after failure to appear. Miguel B. was initially charged with acts unspecified in this record which, if committed by an adult, would have constituted a felony. At his initial appearance, accompanied by his mother, said respondent was released on condition that he participate in an alternative detention program. When he failed to meet a scheduled appearance in court, he had to be returned involuntarily on a warrant.

In each of these cases, the petition charging the respondent with the independent act of bail jumping was dismissed, and petitioner has appealed.

Bail jumping in the second degree (Penal Law § 215.56) is defined as failure of a defendant to appear personally on a required return date (or voluntarily within 30 days thereafter), after having been "released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony". The question is whether this statute applies in Family Court proceedings. We respond in the negative.

None of these respondents was released in connection with a charge of *"committing a felony"*; technically, each was released after a juvenile delinquency petition, which is a proceeding essentially "civil" *(Matter of Randy K.,* 77 NY2d 398, 402) or at best "quasi-criminal" *(Matter of Gregory W.,* 19 NY2d 55) in nature. Thus the definitional predicate of the offense is absent. Any broadening of the application of Penal Law § 215.56 to cover a proceeding in Family Court is solely a legislative prerogative.

We need not consider at this time whether the act of a juvenile in absconding from the Family Court's jurisdiction might constitute an independent criminal act under an appropriately worded penal statute *(cf., United States v Doe,* 631 F2d 110, *cert denied* 449 US 897). Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.