Albert A. Oppido, J.
The People appeal from five orders of the District Court of Nassau County, dismissing informations on motions made before trial on the grounds that the informations *639 were insufficient in law in that they were based on unidentifiable hearsay.
The defendant in each information was charged with violation of section 145 of the Social Welfare Law in that they unlawfully received public assistance from the Department of Public Welfare by failing to report and concealing from the department outside income.
The informations were sworn to by a Detective Jagoe of the District Attorney’s Racket Squad and were based upon information and belief and were used as the basis of a warrant of arrest.
Each information states that the basis of the deponent’s belief is the records of the defendant’s employer and the records of the Department of Public Welfare of Nassau County. In the information against Francis P. Johnson, in addition to the records of the employer and the Department of Welfare, a statement of the defendant is also given as the basis of deponent’s belief.
It is well-settled law that where an information is used as the basis for the issuance of a warrant of arrest, it is insufficient if it rests on information and belief without a statement of the sources of the information and grounds of the belief (People v. Lederle, 206 Misc. 244, affd. 309 N. Y. 866; People v. Bertram, 302 N. Y. 526).
This rule has been extended to include informations when used as the basis of a warrant of arrest or when used as a pleading (People v. Scott, 3 N Y 2d 148; People v. James, 4 NY 2d 482).
The requirements are that an information must be based on competent legal evidence, or that the information be supported by deposition, or that at least the sources of information and the grounds of belief be stated (People v. James, supra).
The informations in the instant cases specifically describe the records to the extent that the records relied upon, as the sources of information and belief, are identifiable to the defendants. Furthermore, it is implicit from the informations sworn to by the detective, who laid them, that he had personal knowledge of the contents of the records of the Nassau County Department of Public Welfare and the records of the defendants’ respective employers.
Each defendant was informed that the deponent’s basis for the crime charged was their employer’s records and the records of the Nassau County Department of Welfare. Therefore, the informations as to all defendants are sufficient in that they *640 satisfy the requirements set down in People v. James {supra) and are not based upon unidentifiable hearsay.
The orders of the District Court dismissing the informations are hereby reversed.