Lawrence Newmark, J.
The defendant was charged with a violation of Labor Law (§ 632, subd 1, par [a]).
Defendant plead not guilty and the matter proceeded to trial. After the start of the People’s case, the defendant moved to dismiss the unlabeled accusatory instrument claiming that it was a misdemeanor complaint and that because he was never advised of his right to be prosecuted by an information, under the authority of People v Weinberg (34 NY2d 429), the misdemeanor complaint must be dismissed.
If this accusatory instrument is a misdemeanor complaint, then defendant’s motion must be granted.
CPL 100.15 details the form and content of a misdemeanor complaint. It must specify the name of the court and the title of the action and must be subscribed and verified by the complainant — any person having knowledge of the commission of the offense charged. Each instrument must contain an accusatory and a factual part. The accusatory part must designate the offense charged. The factual part must contain a statement of the complainant alleging facts of an evidentiary character which support or tend to support the charge. Such allegations may be on personal knowledge or on information and belief.
Under CPL 100.40 (subd 4) a misdemeanor complaint must substantially comply with the provisions of CPL 100.15 and the allegations of the factual part and any supporting depositions must provide reasonable cause to believe that the defendant committed the offense charged. If a misdemeanor complaint does not meet these requirements it is insufficient.
The same section (CPL 100.40, subd 1) distinguishes a misdemeanor complaint from an information by requiring that the latter instrument, in addition to the foregoing, contain nonhearsay allegations, in the factual part and/or any supporting depositions, which would establish, if true, every element of the offense charged and the defendant’s commission thereof.
Prior to the enactment of the CPL, the basis for an information was not limited to "nonhearsay” allegations. The matter had been thoroughly considered by the Court of Appeals in People v James (4 NY2d 482, 486); the court held that an information should be based on competent legal evidence, or supported by depositions, or "that at least the sources of information and grounds of the belief be stated.”
*844 Then, in two cases decided at the same time People v Jeffries (19 NY2d 564) and People v Tennyson (19 NY2d 573) the court further discussed the issue. In Jeffries the information was based on statements made to the complaining police officer, the sources of such information were said to be "conversations between” four named persons. The court there held that an information based entirely on "generalized hearsay” is not sufficient. To meet the "at least” test set forth in James (supra) two conditions must be met: there must be "identifiable sources of such information” and "the grounds of such belief’ (Jeffries, p 568). The Tennyson case involved an information sworn to on information and belief based on the complainant — police officer’s conversation with the assault victim. This was found to be sufficient because the only possible inference that could be drawn was that the victim accused the defendant. Thus this was not the prohibited "generalized hearsay” of Jeffries (supra) but the permissable "identifiable hearsay” discussed in James (supra).
CPL 100.40 (subd 1) now requires that an information be supported by nonhearsay allegations which would establish the defendant’s commission of the crime charged. In People v Fields (74 Misc 2d 109) the Nassau County District Court defined the term hearsay, as it is used in CPL 100.40, in the light of the historical case background, as meaning hearsay which is not admissible on trial. This court agrees with this construction of the term.
The old line of cases permitting identifiable but not generalized hearsay are no longer effective, in view of the CPL. No hearsay is permitted for use in an information. Only that evidence which is admissable because of the exceptions to the hearsay rule, now codified by CPLR article 45, may be used. Thus the Fields case (supra) coins the phrase "admissable hearsay” to cover that type of hearsay evidence which may be termed "nonhearsay” under the CPL.
We must turn to the accusatory instrument in this action. Is it based on nonhearsay (including admissable hearsay) allegations? The accusatory instrument is sworn to by the complainant on information and belief. The pleading says: "The sources of deponent’s information and the grounds for his belief are the official records of the New York State Department of Labor, which include the affidavits) of William Connors, Jr., Ass.t Dean Special Session Suffolk Community College, sworn to March 25, 1974 and Arthur Moore, supervisor, New York *845 University, duly sworn to March 21, 1974, photocopies of which (are) annexed hereto and made a part hereof, attesting to defendant’s employment, during each of the weeks in which he wilfully misrepresented to the Department of Labor that he was totally unemployed, all of which have been personally read by the deponent.”
While certain of the Department of Labor’s official records may be admissable hearsay under CPLR 4518, the mere statement that deponent read the official records is not sufficient. The affidavits attached to the accusatory instrument could be a sufficient source of information and belief, but only as to the facts contained therein. The affidavits do not support each and every element of the offense charged. Furthermore the reference made to the Labor Department records is not limited to those affidavits which are attached; the reference is broadly made to "the official records of the New York State Department of Labor.”
People v Johnson (53 Misc 2d 638) was a case, decided prior to the CPL, in which the informations involved were sworn to on information and belief. The basis of the deponent’s belief was said to be the records of the defendant’s employer and the Department of Public Welfare. The court held that the informations specifically described the records, thus the sources of information and belief are identifiable to the defendant, and that the informations were sufficient. This case followed the old line of cases that permitted the use of "identifiable hearsay”.
Although the basis for the information and belief alleged in the Johnson case is similar to that alleged here, the result is not the same. As discussed above, now only "admissible hearsay” may be used as the basis for an information. The deponent’s statement as to his knowledge of the contents of the record would constitute double hearsay not admissible and it follows that this is insufficient to form the basis of an information.
Since the accusatory instrument does not satisfy the requirements of an information, we must next consider whether it is a misdemeanor complaint. The accusatory part of the instrument does designate the offense charged. The factual part does contain facts of an evidentiary character which support the charge and provide reasonable cause to believe the defendant committed the offense charged. The instrument is based on information and belief. Therefore the court must *846 deem the accusatory instrument to be a misdemeanor complaint.
Because the pleading filed is a misdemeanor complaint, not based on nonhearsay allegations, the defendant must make a knowing and intelligent waiver after being informed of his right to be prosecuted. Since there was a clear failure to properly advise the defendant of this right, the misdemeanor complaint must be dismissed (People v Weinberg, 34 NY2d 429).
In accordance with the foregoing, the defendant’s motion is granted and the misdemeanor complaint is dismissed.