OPINION OF THE COURT
Herbert Kramer, J.
FACTS
Defendant John de Roos is charged with the commission of offenses in violation of subdivision 5 of section 73 of the *446 Public Officers Law[1] and section 2604 (subd b, par [3]) of the New York City Charter.[2] Both charges arise out of the alleged improper receipt of meals in various locations, over a seven-year period.
During the period in question, Mr. de Roos was employed as general counsel and then senior executive officer of the New York City Transit Authority. It is explicitly charged that his performance as an employee and officer of the Transit Authority was thereby affected.
Defendant made a motion to dismiss based upon numerous grounds; including (1) subdivision 5 of section 73 of the Public Officers Law is inapplicable to Transit Authority personnel, (2) section 2604 (subd b, par [3]) of the charter is void for vagueness as applied to Transit Authority employees and (3) that there is no jurisdiction in Kings County for the alleged crime.
DISCUSSION
The New York City Transit Authority is a public benefit corporation created pursuant to section 1201 of the Public Authorities Law. It is not a State agency, nor are its employees State officers (Public Officers Law, §§ 2, 73). Section 73 of the Public Officers Law, however, is solely applicable to a State agency.[3] Additionally, the Legislature has, by explicit statutory reference, made subdivision 5 of section 73 of the Public Officers Law applicable to other non-State agencies thus evidencing a clear intent as to *447 which agencies and authorities are bound thereby. The Legislature has thus made such agencies “State agencies” for this purpose. (See Public Authorities Law, § 1225-e, subd [3] [transit construction fund]; § 1263, subd 5 [Metropolitan Transportation Authority]; § 1282, subd 3 [New York State Environmental Facilities Corporation].)
This court thus holds that absent specific legislative inclusion, subdivision 5 of section 73 of the Public Officers Law is not applicable to Transit Authority employees.
It is further argued that the local law, section 2604 of the charter, is pre-empted by (1) the applicability of section 1211 of the Public Authorities Law and (2) the nonapplicability of subdivision 5 of section 73 of the Public Officers Law. Having held that subdivision 5 of section 73 does not by its terms apply herein, we initially note that the local law and section 1211 of the Public Authorities Law deal with separate aspects of conflicts of interest.
Moreover, this court holds that the present statutory scheme denotes a legislative intention that no local statute is pre-empted.[4] Such statutory design does not demonstrate an intent to occupy the entire field of conflict of interest of public officials, so as to preclude additional regulation by local authorities. (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347; People v De Jesus, 54 NY2d 465.)
Hence, this court holds that section 2604 (subd b, par [3]) of the charter is not pre-empted and is applicable to Transit Authority employees. However, this section of the city charter was made effective as to Transit Authority employees on January 1,1977.[5] Thus, any of the alleged acts that occurred prior to the afore-mentioned date would not be subject to this statute. Any subsequent act, this court holds, must have taken place within Kings County; or, if the alleged conduct took place elsewhere, jurisdiction *448 would lie in Kings County only if such conduct had a “particular effect” within the county. Such effect must be factually stated not merely alleged. (Matter of Steingut v Gold, 42 NY2d 311, 317.)[6]
Acts in violation of section 2604 of the charter are malum prohibitum in nature. In the instant case, therefore, the alleged crime was complete upon the eating of a meal accompanied by nonpayment for the meal by the consumer, defendant de Roos. This is distinct from a violation of subdivision 5 of section 73 of the Public Officers Law or section 200.12 of the Penal Law which therein requires that the act have an effect on the performance of the office. No such requirement of effect on office is present within section 2604. The complaint herein failed to allege facts sufficient to meet such jurisdictional requisite.[7]
Moreover, the misdemeanor information, on its face, is fatally defective, as it does not specify with particularity the nonhearsay basis of deponent’s knowledge. (CPL 100.15.) This complaint is merely an investigator’s conclusion, nothing more. Absent specific information as to which documents were examined, there is nothing to suggest their accuracy and authenticity, or their status with respect to admissibility and the hearsay rule. (CPL 100.40, subd 1, par [c]; People v Conoscenti, 83 Misc 2d 842.) The misdemeanor information must be sufficient in and of itself or else be dismissed. This cannot be rectified by *449 additional information supplied through affidavits. (People v Crisofulli, 91 Misc 2d 424.)
This court holds that the misdemeanor information be dismissed with leave to the prosecution to file an information predicated upon alleged acts in violation of subdivision b of section 2604 that occurred subsequent to January 1, 1977 and within Kings County or that had a particular effect therein. Other aspects of the motion, not herein decided, shall await such refiling.

. “No officer or employee of a state agency, member of the legislature or legislative employee shall, directly or indirectly, solicit, accept or receive any gift having a value of twenty-five dollars or more whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part. No person shall, directly or indirectly, offer or make any such gift to any officer or employee of a state agency, member of the legislature or legislative employee under such circumstances.”

. “No member of the board of estimate or the council or other salaried officer or employee of the city or any city agency * * * (3) shall accept any valuable gift, whether in the form of service, loan, thing or promise, or in any other form, from any person, firm, corporation or other entity which to his knowledge is interested directly or indirectly in any manner whatsoever in any such business dealings”.

. Subdivision 5 of section 73 of the Public Officers Law.

. Section 2604 (subd b, par [3]) of the city charter was made applicable to Transit Authority employees on January 1, 1977 by expanding the definition of city agency to encompass “authorities” as well as the other previously included entities. However this section of the city charter was amended by the New York State Legislature (approved and made effective) in August 7, 1978 (L 1978, ch 763, § 10). Once adopted by the State Legislature it would no longer be a local law and therefore not subject to pre-emption as such.

. See n 6.

. “A ‘particular effect’ within the county is defined as a ‘materially harmful impact upon the governmental processes or community welfare of’ the county seeking to assert jurisdiction (CPL 20.10, subd 4). Further, in order for jurisdiction to attach the criminal activity in the foreign county must have been ‘performed with the intent that it would, or with knowledge that it was likely to, have such particular effect’ in the injured county (CPL 20.40, subd 2).”

. One count of the misdemeanor information reads as follows: “On or about October 17,1976, the defendant, in the County of Kings and in other locations, while serving as a salaried officer and employee of the New York Transit Authority directly and indirectly solicited accepted and received a gift in the form of meals and entertainment having a value of $25.00 or more from westcode inc. under circumstances in which it could reasonably be inferred that the gift was intended to influence him, and could reasonably be expected to influence him in the performance of his official duties and was intended as a reward for official action on his part, said crime having and being likely to have a particular effect upon the county of Kings and the City of New York/New York Transit Authority/Metropolitan Transit Authority, and was performed with intent that it would, and with knowledge that it was likely to have such particular effect therein.” (See, generally, CPL art 20.)