OPINION OF THE COURT
Esther M. Morgenstern, J.
Defendant is charged with violating Administrative Code of the City of New York § 27-3017 by falsely representing that he was licensed to do electrical work and by illegally advertising himself as such without possessing the required Master Electrician’s License.
Defendant moves to dismiss the accusatory instrument on the grounds that it lacks an assertion of jurisdiction (i.e., that no facts allege that the incident took place in Kings County or New York City), and that the accusatory instrument is facially insufficient. Defendant also moves for an order granting discovery and directing the prosecution to produce all Rosario and Consolazio (People v Consolazio, 40 NY2d 446) materials.
On September 14, 1995, a universal summons/appearance ticket for the instant offense was issued to defendant. Defendant was arraigned on the appearance ticket on December 11, 1995 in Kings County Criminal Court in the SAP Part. The matter was adjourned to January 8, 1996. On January 8, 1996, the prosecution filed what they have designated as a superseding information and a motion schedule was set. It is the superseding information that is the subject of the instant motion.
Defendant contends that the accusatory instrument must be dismissed because no facts alleging that the incident was committed in Kings County or New York City appear therein. Defendant cites no statutory or case law in support of this proposition.
*722 CPL 20.40 provides that:
"A person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when:
"1. Conduct occurred within such cour.ty sufficient to establish:
"(a) An element of such offense”.
CPL 20.20 provides that the State courts have jurisdiction over a prosecution where, inter alia, conduct that establishes an element of such offense was committed in the State.
"Ideographic jurisdiction [of the county] to prosecute is a question of fact” and "is not itself an element of the crime.” (People v Chaitin, 94 AD2d 705 [2d Dept 1983]; see also, Matter of Steingut v Gold, 42 NY2d 311, 316 [1977].) Further, a county’s geographic jurisdiction needs to be established only by a preponderance of the evidence and not by proof beyond a reasonable doubt. (See, Matter of Steingut v Gold, supra; People v Chaitin, supra.)* Moreover, "jurisdiction can be fairly and reasonably inferred from all the facts and circumstances introduced into evidence.” (Matter of Steingut v Gold, supra, at 316.)
In this case, the supporting deposition to the accusatory instrument clearly demonstrates that the acts and elements that constitute the offense charged took place at 237 4th Avenue in Brooklyn. Thus, the accusatory instrument, taken together with the supporting deposition, does confer geographic jurisdiction upon this court. Accordingly, defendant’s motion to dismiss for lack of jurisdiction is denied.
Defendant also moves to dismiss the accusatory instrument on the ground that it is facially insufficient and contends that the complaint fails to set forth sufficient facts. Defendant maintains his innocence and states that the complainant has a motive to fabricate, thus the accusatory instrument is defective.
*723 In order for an accusatory instrument to be sufficient on its face it must allege "facts of an evidentiary character supporting or tending to support the charge” (CPL 100.15 [3]) and provide "reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]; see also, People v Dumas, 68 NY2d 729 [1986]).
Administrative Code § 27-3017 (a), as it relates to this case, provides that: "No person, partnership or corporation not the holder of such license shall falsely represent that he, she or it holds such license or shall use in any advertising the words 'master electrician’ or the words 'licensed electrician’ or the words 'electrical contractor’ or any words of similar meaning or import on any sign, card, letterhead or in any other manner.”
Administrative Code § 27-3017 (c) designates that a violation of subdivision (a) is classified as a misdemeanor.
The accusatory instrument in this case alleges that in July of 1995 defendant presented a business card from Rania Electric Service, Inc. to George Dabbagh, that the business card contained the words "Licensed Electrician” and that defendant represented himself to George Dabbagh as a licensed electrician. The accusatory instrument states further that according to the records maintained by the New York City Department of Buildings, in July of 1995 there were no licenses issued by the New York City Department of Buildings to Mohammad Al-Ladkani, Mohamed Elzakay or Rania Electric Service, Inc.
In comparing the facts alleged in the accusatory instrument to the elements of the statute, this court holds that the accusatory instrument sets forth facts of an evidentiary character that support the crime charged and reasonable cause to believe that defendant committed the crime charged.
However, this does not end the inquiry. The prosecution contends that the accusatory instrument in this case is a jurisdictionally sufficient "information” and that, as such, it contains nonhearsay allegations that establish, if true, every element of the crime charged and defendant’s commission thereof. (See, CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].)
In Alejandro (supra), the Court held that an information which "fails to contain nonhearsay allegations establishing 'if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]) is fatally defective.” *724 (70 NY2d, at 136.) The Court explained that this stringent "prima facie” case requirement is a jurisdictional prerequisite to prosecution and is necessary because an information is an instrument of ultimate prosecution and does not afford a defendant the same procedural safeguards associated with Grand Jury proceedings where legally sufficient evidence must be produced before a defendant is charged. (People v Alejandro, supra, at 137-138.)
An essential element of Administrative Code § 27-3017 is that the defendant is "not a holder of such [electrician’s] license.” The sworn allegations of Peter Amato contained in the accusatory instrument state, in pertinent part, as follows:
"1. I was at all times hereinafter mentioned, and continue to be, chief investigator for the New York City Department of Buildings * * *
"3. * * * I personally reviewed the records maintained by the New York Department of Buildings. According to those records, as of the end of July, 1995 there were no licenses issued by the New York City Department of Buildings to Mohammad Al-Ladkani, Mohamed [Elzakay] or Rania Electric Service, Inc. authorizing any such individual or company to perform electrical work within the City of New York”.
No other allegations relating to defendant’s alleged unlicensed status appear in the accusatory instrument or the supporting deposition.
Mr. Amato’s statement as to what is contained in the New York City Department of Buildings’ records is clearly a hearsay statement. As such, this statement, standing alone, does not remove the accusatory instrument from the hearsay category. There is no question that records of the New York City Department of Buildings would, upon a proper foundation and if properly authenticated, be admissible under the business records exception to the hearsay rule. (See, CPLR 4518 [a], [c]; People v Shand, NYLJ, Sept. 28, 1990, at 23, col 3 [Crim Ct, Kings County, Cammer, J.]; see also, People v Kennedy, 68 NY2d 569 [1986].) However, the averments of an investigator that he has reviewed records is insufficient to remove those statements from the inadmissible hearsay category. (People v Shand, supra [Welfare Department investigator’s attestation that he reviewed the Department’s records held insufficient]; People v Conoscenti, 83 Misc 2d 842 [Suffolk Dist Ct 1975] [Department of Labor investigator’s attestation that he reviewed the Department’s records held insufficient]; People v Diouf, 153 Misc 2d 887 [Crim Ct, NY County] [unlicensed vend *725 ing complaint based upon police officer’s inspection of official records insufficient].) Thus, the information filed in this case does not conform to the requirements of CPL 100.40.
Since the defect in the information cannot be cured by an amendment and since the accusatory instrument is jurisdiction-ally defective, the information must be dismissed.
Accordingly, the information is dismissed with leave to the prosecution to file a proper accusatory instrument within the appropriate time period.
Defendant’s remaining motions for discovery are moot.

 Geographic jurisdiction is an issue of "venue” and "refers to the proper county or place of trial, not the power of the court to hear and determine cases.” (People v McLaughlin, 80 NY2d 466, 471 [1992].) Territorial jurisdiction of the State, which is not at issue in this case, is a question of the State’s power to prosecute and punish an accused for a crime and must be proven beyond a reasonable doubt. (Supra.)