THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v XIA CHEN, AI-SHI JIANG, YOU-YONG YANG, and WEI ZHENG, Also Known as JUM ZHANG, Respondents. [651 NYS2d 588] —Appeal by the People, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Eng, J.), dated October 26, 1995, as granted that branch of the defendant Xia Chen's omnibus motion which was to reduce count four of the indictment as to that defendant; (2) so much of an order of the same court, also dated October 26, 1995, as granted that branch of the defendant Ai-Shi Jiang's omnibus motion which was to dismiss count four of the indictment to the extent of reducing count four of the indictment as to that defendant; (3) so much of an order of the same court, also dated October 26, 1995, as granted that branch of the defendant You-Yong Yang's omnibus motion which was to dismiss count four of the indictment as to that defendant; and (4) so much of an order of the same court, also dated October 26, 1995, as granted that branch of the defendant Wei Zheng's omnibus motion which was to dismiss count four of the indictment as to that defendant.

Ordered that the order dated October 26, 1995, with regard to the defendant Xia Chen is reversed insofar as appealed from, on the law, that branch of the defendant Xia Chen's omnibus motion which was to reduce count four of the indictment as to that defendant is denied, count four of the indictment is reinstated as to that defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment; and it is further,

Ordered that the order dated October 26, 1995, with regard to the defendant Ai-Shi Jiang is reversed insofar as appealed from, on the law, that branch of the defendant Ai-Shi Jiang's omnibus motion which was to reduce count four of the indictment as to that defendant is denied, count four of the indictment is reinstated as to that defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment; and it is further,

Ordered that the order dated October 26, 1995, with regard to the defendant You-Yong Yang is reversed insofar as appealed from, on the law, that branch of the defendant You-Yong Yang's omnibus motion which was to dismiss count four of the indictment as to that defendant is denied, count four of the indictment is reinstated as to that defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment; and it is further,

Ordered that the order dated October 26, 1995, with regard

to the defendant Wei Zheng is reversed insofar as appealed from, on the law, that branch of the defendant Wei Zheng's omnibus motion which was to dismiss count four of the indictment as to that defendant is denied, count four of the indictment is reinstated as to that defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

"In the context of a motion to dismiss an indictment, the sufficiency of the People's presentation 'is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' * * * The People are required to make out a prima facie case that the accused committed the crime charged by presenting legally sufficient evidence establishing all of the elements of the crime * * * On a motion to dismiss, the reviewing court's inquiry is confined to the legal sufficiency of the evidence and the court is not to weigh the proof or examine its adequacy. Indeed, 'all questions as to the quality or weight of the proof should be deferred' " (*People v Galatro*, 84 NY2d 160, 163-164).

Contrary to the determination of the Supreme Court, count four of the indictment, charging the defendants with attempted burglary in the second degree, is supported by legally sufficient evidence. The evidence before the Grand Jury established that all of the defendants were parked in a car on a residential block at 1:30 A.M. in an area in which none of them lived. After viewing the victim's home from inside their car, which was parked in front of the victim's home, the defendants Xia Chen and Ai-Shi Jiang broke the basement window of the home while the defendant You-Yong Yang and the defendant Wei Zheng waited for them and hid in the car, which was parked just a few feet away. Moments later, police found the defendants Xia Chen and Ai-Shi Jiang hiding behind a bush near the broken window with what appeared to be a handgun next to them. Police found the defendant You-Yong Yang crouched in the driver's seat, and the defendant Wei Zheng crouched in the rear seat, of the defendants' car.

That this evidence, if unexplained and uncontradicted, would warrant a conviction of attempted burglary by a petit jury (*see, People v Galatro*, 84 NY2d 160, 163-164, *supra*), cannot be questioned (*see, e.g., People v Mitteager*, 44 NY2d 927; *People v Gilligan*, 42 NY2d 969; *People v Castillo*, 47 NY2d 270; *People v Estrada*, 173 AD2d 555, *lv denied* 78 NY2d 954; *People v Crawford*, 159 AD2d 583). Accordingly, the court erred in dismissing count four of the indictment as to the defendants

You-Yong Yang and Wei Zheng, and reducing that count to a violation of trespass as to the defendants Xia Chen and Ai-Shi Jiang. Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.