OPINION OF THE COURT
Michael Gerstein, J.
The issue in this case is whether the accusatory instrument charging defendant with the crime of violating sections 50 and 52 of the Workers’ Compensation Law of the State of New York, an unclassified misdemeanor, is an unconverted misdemeanor complaint or constitutes an information meeting the requirements of CPL 100.40 by reason of being accompanied by a certified copy of a decision by a New York State Workers’ Compensation Board (WCB) Judge, notwithstanding that the WCB decision may have been based on hearsay.
On December 27, 2005, defendant was arraigned in Brooklyn Criminal Court on charges that he violated sections 50 and 52 of the Workers’ Compensation Law, which mandates that employers secure and maintain insurance coverage for their employees. Specifically, defendant is charged with failing to carry workers’ compensation insurance for Admarie Baskin, who was employed as a cook by defendant, while defendant was doing business as L’Eternal Qui est Dieu Restaurant at 830 Rogers Avenue, Brooklyn.[1]
Defendant argues that the complaint was never converted to an information because it is based upon hearsay. The People oppose, arguing that the arraigning pleading constituted an information,[2] in that it contains sworn allegations based on Compensation Investigator Miguel Vazquez’ investigation as a compensation investigator of the WCB and the WCB’s notice of decision, a certified copy of which is attached, thus constituting prima facie evidence of the defendant’s employment of an employee in a business in which the employer was required to carry compensation, and failure to secure compensation as required by the Workers’ Compensation Law. (People’s affirmation at 2.)
*916 The Defendant’s Motion to Dismiss the Complaint is Denied
In order to be sufficient on its face, an accusatory instrument must allege facts sufficient to provide reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729 [1986].)
The allegations must be nonhearsay. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.40 [1] [c].)
However, the “non-hearsay” required in CPL 100.40 has generally been construed to mean any evidence that would be admissible at trial. (People v Alvarez, 141 Misc 2d 686 [Crim Ct, NY County 1988], citing Matter of Rodney J., 108 AD2d 307 [1st Dept 1985]; see People v Casey, 95 NY2d 354 [2000] [a nonhearsay requirement is met so long as the allegation would be admissible under some hearsay rule exception]; Marks, Dean, Dwyer, Gírese and Yates, New York Pretrial Criminal Procedure § 3.7 [7 West’s NY Prac Series 2d ed 2007]; see also People v Smith, 163 Misc 2d 353 [Just Ct, Monroe County 1994] [citing a number of local criminal court decisions supporting this position].)
The WCB hearing resulted in a decision by Judge Elaine Stogel filed February 10, 2005, a duly certified copy of which was filed with the complaint. The decision included the following findings: clamaint Admarie Baskin had a work-related injury to the left wrist; claimant was an employee of Anthony Previl; Anthony Previl was uninsured on the date of the accident, and therefore, is in violation of Workers’ Compensation Law § 50.
Defendant’s argument is twofold. First, he contends, the People claim that Investigator Vazquez conducted an investigation on the case but “[w]hat is unclear is what personally was seen by this investigator to constitute a valid supporting deposition.” (Defendant’s affidavit at 3.) Defendant cites People v Votono (231 NYS2d 337 [Westchester County Ct 1962]), and People v de Roos (118 Misc 2d 445 [Crim Ct, Kings County 1983]), for the proposition that “an allegation of information being based [sic] without stating legitimate sources is clearly insufficient.” (Defendant’s affidavit at 3.) Votono states that an information based solely upon information and belief would be fatally defective “without a statement of the sources of information and grounds for belief.” (231 NYS2d at 340.) de Roos held that a misdemeanor complaint that did not specify with particularity the nonhearsay basis of deponent’s knowledge was fatally defective “[a]bsent specific information as to which documents were examined.” (118 Misc 2d at 448.)
*917 Second, defendant argues that because the hearing officer’s decision is not based on personal information, the requirement of nonhearsay allegations mandated by CPL 100.40 has not been satisfied. We disagree.
Pursuant to CPLR 2307 and 4518 (c), certified records of a department of the state, including the WCB, are admissible in evidence and prima facie evidence of the facts contained therein. CPLR 2307 refers to “[b]ooks, papers and other things of a library, department or bureau of a municipal corporation or of the state.” CPLR 4518 (c) provides that all records, writings and other things referred to in sections 2306 and 2307 are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, laboratory, department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose or by a qualified physician.
Here, where the information is not based on Investigator Vazquez’ statements as to what is contained in the WCB records, but rather the investigator’s review and observations as to a specific record, i.e., the certified WCB decision, and the certified WCB decision itself, which is attached to the information and made a part thereof, the certified WCB decision is admissible pursuant to the business records exception, and thus the allegations in the information are properly supported by non-hearsay. (People v Haskins, 107 Misc 2d 480 [Crim Ct, NY County 1981]; see also People v Al-Ladkani, 169 Misc 2d 720 [Crim Ct, Kings County 1996] [discussed infra at 917-918]; People v Smith, supra.) Our case is thus easily distinguishable from both Votono and de Roos, relied upon by defendant, in which the accusatory instruments failed to state the source of the deponent’s knowledge. Here, the information clearly specifies the basis for the deponent’s knowledge, i.e., the certified WCB decision which is itself before the court.
Defendant’s reliance on People v Conoscenti (83 Misc 2d 842 [Suffolk Dist Ct 1975]) and People v Al-Ladkani (supra) is also misplaced. Conoscenti held that “[w]hile certain of the Department of Labor’s official records may be admissible hearsay under CPLR 4518, the mere statement that deponent read the official records is not sufficient.” (83 Misc 2d at 845.) Al-Ladkani held that an investigator’s statement as to what is contained in the New York City Department of Buildings’ records was hearsay, but clearly stated, citing CPLR 4518 (a) and *918 (c), that records of the New York City Department of Buildings would be admissible under the business records exception. (169 Misc 2d at 724.) Not only are these cases factually inapposite, but moreover, the legal principles cited therein controvert defendant’s argument.
As neither the People nor defendant have submitted to this court the rules of evidence applicable to WCB proceedings, it is entirely possible that those rules permit the use of hearsay. Assuming arguendo that hearsay was permitted before the WCB, CPLR 2307 and 4518 (c) nevertheless deem the WCB decision prima facie evidence of its contents, regardless of whether hearsay evidence was considered by the WCB Judge. As we are bound to follow these statutes, defendant’s motion to dismiss this case pursuant to CPL 100.40 must be denied.

. It appears from the WCB decision that Baskin suffered a compensible injury as a result of an accident on December 31, 2003.

. The People contend that there was never a complaint to he converted, in that the information was the original accusatory instrument. (People’s affirmation n 1.)