OPINION OF THE COURT
Andrew M. Engel, J.
The defendant was originally charged, by felony complaint filed on May 21, 2008, with attempted grand larceny in the third degree, in violation of Penal Law §§ 110.00 and 155.35, and offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35.
On October 14, 2008, November 17 and 24, 2008, and December 1, 8 and 15, 2008 the matter was presented to the grand jury. Fourteen witnesses, including the defendant, testified before the grand jury. Following all testimony the grand jury was asked to consider the charges of grand larceny in the third degree, in violation of Penal Law § 155.35, 15 counts of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35, defrauding the government, in violation of Penal Law § 195.20, and official misconduct, in violation *434 of Penal Law § 195.00. Following its deliberations, on December 8 and 15, 2008, the grand jury voted no true bill on the charges of grand larceny in the third degree, all 15 counts of offering a false instrument for filing in the first degree, and defrauding the government, and voted to direct the District Attorney to file a prosecutor’s information in the District Court as to the charge of official misconduct. A written direction to this effect was issued by the grand jury on December 22, 2008 and entered on December 23, 2008.
On January 8, 2009 the People filed a prosecutor’s information in the District Court charging the defendant with official misconduct, as follows:
“The said defendant MARK RIDGE, on or about and between January 1, 2007 and June 30, 2007, in the County of Nassau, State of New York, while employed as a public servant with intent to obtain a benefit or deprive another person of a benefit, . . . knowingly refrained from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office . . .
The specific factual allegations thereafter made against the defendant are that
“the defendant while employed as a corrections officer with the Nassau County Sheriff’s Department, intentionally received the benefit of 207c[1] leave entitlements knowing that he refrained from seeking medical treatment for an injury suffered as a result of his employment, a duty clearly inherent in the nature of his office as a corrections officer.”
The defendant was arraigned on this charge on January 8, 2009.
The defendant now moves for an order directing the inspection of the grand jury minutes in accordance with CPL 210.30 (2), releasing the grand jury minutes to the defendant, “dismissing the Indictment [sic] as defective pursuant to CPL § 210.25(1)” (notice of motion, Apr. 23, 2009, 1f [c]), as unsupported by legally sufficient evidence, and as the result of a defective grand jury proceeding within the meaning of CPL 210.35, and denying any request to be made by the People to “amend the Indictment [sic]” pursuant to CPL 200.70 (2) (b).1 [2]
*435 The People consent to the court’s inspection of the grand jury minutes. They oppose those branches of the defendant’s motion which seek release of the grand jury minutes to the defendant, dismissal of the prosecutor’s information and denial of any future request which may be made by the People to amend the prosecutor’s information.
Review of Grand Jury Minutes
With the People’s consent, this branch of the defendant’s motion is granted; and, the grand jury minutes herein have been reviewed by the court.
Release of Grand Jury Minutes to the Defendant
The defendant argues that
“[s]ince serious questions of both law and fact as to the testimony and legal instructions in the grand jury exist, it would be in the interests of justice that [defense counsel] have the opportunity to review the minutes in order to more intelligently frame defendant’s arguments with respect to the motion to dismiss.” (Foley affirmation, Apr. 23, 2009, at 3.)
The People argue that release of the grand jury minutes should be denied so as to preserve the historical secrecy of grand jury proceedings. The People further argue that the defendant has failed to either allege or demonstrate why the court requires his assistance in reviewing the grand jury minutes.
CPL 210.30 (3) provides, in pertinent part, that the court may release the grand jury minutes to the parties when such release is found “necessary to assist the court in making its determination on the motion,” and then only “that grand jury testimony which is relevant to a determination of whether the evidence before the grand jury was legally sufficient to support a charge or charges contained in such [prosecutor’s information]” is to be released. “[S]ecrecy of Grand Jury minutes is still the basic rule.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.30, at 222; see People v Fetcho, 91 NY2d 765 [1998].) In People v Robinson (98 NY2d 755, 756 [2002]) the Court of Appeals established a two prong *436 analysis to be conducted by the court: “As a threshold matter, a party seeking disclosure of grand jury minutes must establish a compelling and particularized need for them. Only then must the court balance various factors to assess, in its discretion, whether disclosure is appropriate under the circumstances presented” (citations omitted; see also People v Eun Sil Jang, 17 AD3d 693 [2d Dept 2005]).
The defendant has failed to meet either of these criteria. Accordingly, this branch of the defendant’s motion is denied.
Dismissal of Prosecutor’s Information
The defendant asserts a number of reasons why he believes the prosecutor’s information should be dismissed. First is his claim that the instrument is insufficient on its face, failing to substantially conform to the requirements of CPL 200.50 (7). Specifically, the defendant alleges that the accusatory instrument fails to assert facts supporting every element of the crime charged and the defendant’s commission thereof, reciting nothing more than the Penal Law section with which the defendant is charged. Next the defendant argues that the evidence before the grand jury was not legally sufficient to support the charge of official misconduct lodged against him. Here the defendant alleges that there is no proof that seeking medical treatment to obtain benefits pursuant to General Municipal Law § 207-c is “a duty . . . clearly inherent in the nature of his office.” (Penal Law § 195.00 [2].) The defendant further argues that seeking such medical treatment is “administrative at best.” (Foley affirmation, Apr. 23, 2009, at 10.) Finally, the defendant claims, without making any specific allegations, that the grand jury proceedings themselves were defective.
In opposition the People allege that the prosecutor’s information does more than simply track the language of the statute charged. According to the People, the accusatory instrument “sufficiently particularizes the essential elements of the crime and informs the defendant of the nature of the crime charged.” (Burke affirmation, May 15, 2009, at 2.) The People further argue that the grand jury was presented with legally sufficient evidence to support the conclusion that the defendant refrained from performing a duty clearly inherent in the nature of his office. Specifically, the People allege that the defendant had a duty to come to work, asserting that “[d]emanding his pay without coming to work (i.e., a ‘no-show job’) is akin to larceny.” (Burke affirmation, May 15, 2009, at 4.) The People also allege that the *437 defendant has a duty to seek medical attention when seeking a General Municipal Law § 207-c benefit which is imposed upon him by that statute, as well as by Nassau County Administrative Code, chapter XXII, § 22-3.0 and the policies and procedures promulgated thereunder by the Nassau County Sheriffs Department.[3]
Grand Jury Proceedings
Upon review of the grand jury minutes the court finds that the grand jury proceedings were properly conducted. Accordingly, that branch of the defendant’s motion which seeks an order dismissing the prosecutor’s information due to an allegedly defective grand jury proceeding is denied.
Facial Sufficiency and Legally Sufficient Evidence
CPL 170.30 (1) (a) provides that a defendant may move to dismiss a prosecutor’s information on the ground that it is defective within the meaning of CPL 170.35, which in turn provides that a prosecutor’s information is defective if, inter alia, it “is not sufficient on its face pursuant to the requirements of section 100.40.” (CPL 170.35 [1] [a].) CPL 100.40 (3) provides that “[a] prosecutor’s information ... is sufficient on its face when it substantially conforms to the requirements prescribed in section 100.35,” which provides that a prosecutor’s information “must contain the name of the local criminal court with which it is filed and the title of the action, and must be subscribed by the district attorney by whom it is filed,” and otherwise be in the form of an indictment as prescribed in CPL 200.50. While, in the case of a prosecutor’s information filed at the direction of a grand jury pursuant to CPL 190.70, as opposed to a superseding prosecutor’s information filed pursuant to CPL 100.50 (see CPL 100.10 [3]), “the requirements for facial sufficiency are not as rigid as those set forth in CPL § 100.40 for an information” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.35, at 384), a facially sufficient prosecutor’s information must still set forth “[a] plain and concise factual statement . . . , without allegations of an evidentiary nature, (a) asserting] facts supporting every element of the offense charged and the . . . defendants’ commission thereof with suf *438 ficient precision to clearly apprise the . . . defendants of the conduct which is the subject of the accusation” (CPL 200.50 [7]).
Additionally, even if facially sufficient, a prosecutor’s information filed at the direction of the grand jury will be subject to dismissal, applying the same criteria as applied to indictments pursuant to CPL 210.30, if “[t]he evidence before the grand jury was not legally sufficient to support the charge” (CPL 170.50 [1] [a]). Like all informations, such prosecutor’s informations “must be supported by nonhearsay allegations that establish every element of the offense charged (see People v Casey, 95 NY2d 354, 360 [2000]).” (People v Thomas, 4 NY3d 143, 146 [2005].)
“The sufficiency of the People’s presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury (see, People v Pelchat, 62 NY2d 97, 105).” (People v Jennings, 69 NY2d 103, 114 [1986]; see also People v Swamp, 84 NY2d 725 [1995].) It is for the court to determine if the grand jury had “before it evidence legally sufficient to establish a prima facie case” (People v Jensen, 86 NY2d 248, 251 [1995]; see also People v Garson, 6 NY3d 604 [2006]). Legally sufficient evidence is “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (CPL 70.10 [1]; see also People v Bello, 92 NY2d 523 [1998]; People v Mikuszewski, 73 NY2d 407 [1989]). “In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt.” (People v Mayo, 36 NY2d 1002, 1004 [1975] [citation omitted]; see also People v Mills, 1 NY3d 269 [2003]; People v Deegan, 69 NY2d 976 [1987].) “On a motion to dismiss, the reviewing court’s inquiry is confined to the legal sufficiency of the evidence and the court is not to weigh the proof or examine its adequacy.” (People v Galatro, 84 NY2d 160, 164 [1994]; see also People v Xia Chen, 234 AD2d 575 [2d Dept 1996].)
The defendant having been charged with violating Penal Law § 195.00 (2), the prosecutor’s information must, on its face, assert facts, and the testimony before the grand jury must demonstrate, prima facie, that the defendant was a public servant who intended to benefit himself or deprive another of a benefit by knowingly refraining from performing a duty imposed upon him by law or one clearly inherent in the nature of his office. More *439 over, as specifically articulated by the People in the prosecutor’s information, the competent evidence before the grand jury must establish (1) that the defendant was a correction officer with the Nassau County Sheriffs Department; (2) that he intentionally received the benefit of General Municipal Law § 207-c leave entitlements; (3) that he knowingly refrained from obtaining medical treatment for an injury suffered as a result of his employment; and (4) that obtaining such treatment is a duty clearly inherent in the nature of his office as a correction officer.
In determining the facial sufficiency of the prosecutor’s information, as well as whether the legally sufficient evidence before the grand jury supports a charge of official misconduct, the court must first address whether or not failing to obtain medical treatment upon seeking General Municipal Law § 207-c benefits is a “duty clearly inherent in the nature of [the defendant’s] office as a corrections officer.” (Prosecutor’s information, Dec. 22, 2008.) Whether or not such medical treatment is mandated by law, as the People now suggest in their opposition papers, is irrelevant, as the People have charged the defendant with failing to obtain such treatment as an inherent duty and not one imposed upon him by law.
“[C]learly inherent in the nature of [the] office” (Penal Law § 195.00 [2]) is an amorphous phrase. This court has found few cases which define or discuss the precise meaning of the phrase. People v Lynch (176 Misc 2d 430, 433 [Rockland County Ct 1998]) provides an appropriate benchmark: “A duty which is ‘clearly inherent in the nature of the office’ encompasses those unspecified duties that are so essential to the accomplishment of the purposes for which the office was created that they are clearly inherent in the nature of the office.” (Citation omitted.)
It is the opinion of this court that going to the doctor is not “so essential to the accomplishment of the purposes for which the office [of correction officer] was created” so as to render such conduct “clearly inherent” in that office. (Id.) Viewing the evidence before the grand jury in a light most favorable to the People, while it has been demonstrated that going to the doctor, upon claiming a General Municipal Law § 207-c benefit, might be an administrative requirement, the violation of which may result in the loss of sick days, vacation days, personal days and/or salary, the evidence is equally clear that it is not essential to the fundamental duties of a correction officer. The court agrees with the defendant that those duties include such *440 things as patrolling the correctional center buildings, supervising inmates, inspecting for contraband, inmate head counts, escorting inmates, searching inmates, supervising visitors, and other related law enforcement activity.
While falsely attempting to obtain General Municipal Law § 207-c benefits and filing false documents in an attempt to accomplish that purpose may constitute an attempted larceny and/or filing false instruments, the grand jury voted not to indict the defendant for these crimes. Neither the grand jury nor the People may now succeed in squeezing a round peg into a square hole by charging the defendant with official misconduct where the claimed duty the defendant allegedly refrained from performing was not one “clearly inherent in the nature of the office,” a necessary element of the crime charged. Neither the face of the prosecutor’s information nor the evidence before the grand jury states or establishes this essential element of official misconduct.
The above notwithstanding, even if going to the doctor was a duty “clearly inherent in the nature of the office,” a review of the grand jury minutes reveals that there was no legally sufficient evidence presented to the grand jury which supports the allegation that the defendant failed to go to the doctor on the days he sought General Municipal Law § 207-c benefits.
Certain facts, as stated in the prosecutor’s information, and supported by competent evidence before the grand jury, are not in dispute. Specifically, it is not disputed that the defendant was a correction officer with the Nassau County Sheriffs Department and sustained various on the job injuries as the result of a number of inmate assaults. It is also not disputed that between January 1, 2007 and June 30, 2007 the defendant did not report to work on a number of specific dates, intending to obtain the benefit of General Municipal Law § 207-c leave entitlements, and pursuant thereto submitted documents from his chiropractor stating that he had received treatment on the dates in question. What is in issue herein is whether or not the defendant actually received such medical treatment.
The only testimony presented to the grand jury concerning the defendant’s alleged failure to obtain such treatment came from Richard Thomaier, D.C., who testified from his office records concerning the dates the defendant came to see him for treatment, and from Richard Carbone, a chief investigator of the Nassau County Attorney’s Office, Special Investigations
*441 Team, who testified concerning an Excel spreadsheet he created comparing Dr. Thomaier’s office records with the doctor’s notes submitted by the defendant to the Sheriffs Department for the days he sought General Municipal Law § 207-c leave entitlements and with billing and payment information received from “Triad,” the county’s workers’ compensation third-party administrator. The testimony of both witnesses, and the admission into evidence of the documents upon which their testimony was based, will be legally sufficient only if a proper evidentiary foundation was established for the admission of the documents. (CPL 190.30, 60.10; People v Mitchell, 82 NY2d 509, 513 [1993] [“the general criminal trial court evidentiary rules normally apply to Grand Jury proceedings”]; see also People v Smith, 258 AD2d 245 [4th Dept 1999]; People v Dunn, 248 AD2d 87 [1st Dept 1998].)
The People placed Dr. Thomaier’s office records into evidence, relying on them for the truth of the statements contained therein with regard to the dates the defendant came into Dr. Thomaier’s office for treatment. As such, these records are, by definition, hearsay. (Spensieri v Lasky, 94 NY2d 231 [1999]; Nucci v Proper, 95 NY2d 597 [2001]; Stem v Waldbaum, Inc., 234 AD2d 534 [2d Dept 1996]; Winant v Carras, 208 AD2d 618 [2d Dept 1994], lv denied 85 NY2d 812 [1995].) They will be deemed to be of an evidentiary character, and may support the action of the grand jury, only if they fall within one of the recognized exceptions to the hearsay rule. (People v Casey, 95 NY2d 354, 361 [2000].)
The exception upon which the People rely is the business record exception, “recognized as probably the most important hearsay exception ... (5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4518.01, 4518.02)” (People v Kennedy, 68 NY2d 569, 578 [1986]). The exception “is designed to harmonize the rules of evidence with modern business practice and give ‘evidential credit’ to the memoranda or other writings upon which reliance is placed in the systematic conduct of business undertakings.” (Williams v Alexander, 309 NY 283, 286 [1955]; see also Clarke v New York City Tr. Auth., 174 AD2d 268 [1st Dept 1992].) As the court noted in People v Kennedy,
“The essence of the business records exception to the hearsay rule is that records systematically made for the conduct of a business as a business are inherently highly trustworthy because they are routine reflections of day-to-day operations and because the *442 entrant’s obligation is to have them truthful and accurate for purposes of the conduct of the enterprise.” (68 NY2d at 579 [citation omitted]; see also People v Guidice, 83 NY2d 630 [1994].)
CPLR 4518 (a) sets forth the exception:
“Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.”
As can be seen, the proponent of the offered evidence must establish three general elements, by someone familiar with the habits and customary practices and procedures for the making of the documents, before they will be accepted in admissible form: (1) that the documents were made in the regular course of business; (2) that it was the regular course of the subject business to make the documents; and (3) that the documents were made contemporaneously with, or within a reasonable time after, the act, transaction, occurrence or event recorded.[4] (People v Kennedy at 579-580; People v Cratsley, 86 NY2d 81 [1995].)
Upon review of Dr. Thomaier’s testimony before the grand jury, it is clear that these foundational requirements were not met before the doctor’s office records were marked into evidence. Dr. Thomaier testified that the document marked as grand jury exhibit 19 for identification was an accurate copy of his office records pertaining to the defendant and that they were “kept and maintained in the regular course of business by [the doctor] as a chiropractor.” Without any other testimony the records were received and marked into evidence as grand jury exhibit 19. No testimony was offered concerning Dr. Thomaier’s record-keeping practices, which might establish the reliability of those records. Completely absent from the foundational testimony was any indication that these documents were “made” in the regular course of the doctor’s business, that it *443 was the regular course of the doctor’s business to “make” these records, who made the entries in these records, how the entries in the records were recorded, who provided the information contained in the records and whether the entries were made contemporaneously with the events recorded or within a reasonable time thereafter. Without such testimony these records were inadmissible and not legally sufficient. (People v Niver, 41 AD3d 961, 964 [3d Dept 2007], lv denied 9 NY3d 924 [2007] [“foundational witness failed to establish that the record in question was made at or about the time of the event being recorded”]; People v Smith, 32 AD3d 1255, 1256 [4th Dept 2006] [“the People failed to establish both the second and third foundation requirements, and thus the payroll documents were improperly admitted”]; People v Rosa, 156 AD2d 733, 734 [2d Dept 1989], lv denied 76 NY2d 795 [1990] [“It is well settled that in order to admit a photocopy of a business record into evidence, a witness with personal knowledge of record-keeping procedures must testify that the document sought to be admitted was made in the regular course of business, pursuant to the regular procedures of the business, at or near the time the information was obtained or the act occurred”]; Blair v Martin’s, 78 AD2d 895 [2d Dept 1980] [“trial court erred in allowing the introduction by defendant of plaintiffi’s) . . . hospital record without laying a proper foundation by eliciting testimony from someone with knowledge of the hospital’s record-keeping procedures that such record was made in the regular course of hospital business, that it was the regular business of the hospital to make such record, and that the record was made at or soon after the information was obtained”].)
Mr. Carbone’s testimony, and the Excel spreadsheet marked into evidence as grand jury exhibit 27, are based entirely upon documents obtained from others, and are equally incompetent and of no evidentiary value. Mr. Carbone had no personal knowledge of the facts to which he testified; and, as indicated, exhibit 27 was nothing more than a compilation of information obtained, inter alia, from Thomaier’s records, which should not have been in evidence, and from the records of the county’s workers’ compensation third-party administrator, which were never marked into evidence. While these records “would, upon a proper foundation and if properly authenticated, be admissible under the business records exception to the hearsay rule . . . the averments of an investigator that he has reviewed records is insufficient to remove those statements from the *444 inadmissible hearsay category” (People v Al-Ladkani, 169 Misc 2d 720, 724 [Crim Ct, Kings County 1996]; see also People v Conoscenti, 83 Misc 2d 842 [Suffolk Dist Ct 1975]).
The presence of this hearsay evidence before the grand jury would not be fatal to the present prosecution if there was other competent evidence presented demonstrating the defendant’s alleged failure to obtain medical treatment. Without the inadmissible testimony of Dr. Thomaier and Mr. Carbone, and the exhibits proffered through them, for which no proper evidentiary foundation was established, however, there simply was no other testimony presented to the grand jury which demonstrates the defendant’s alleged failure to obtain medical treatment on the dates for which he sought General Municipal Law § 207-c benefits. In the absence of such proof the People have failed to establish, by legally sufficient evidence, at least one of the elements of the crime charged.
Based upon all of the foregoing, the defendant’s motion to dismiss the prosecutor’s information must be granted due to the facial insufficiency of the prosecutor’s information and the absence of legally sufficient evidence to support each and every element of the crime charged; and, it is hereby ordered, that the prosecutor’s information is dismissed.
Leave to Amend
The court will not render a decision on a motion before such motion has been made. Moreover, the People have chosen to stand by their prosecutor’s information and have evinced neither the desire nor ability to correct same. Accordingly, that branch of the defendant’s motion seeking an order denying any request to be made by the People to amend the accusatory instrument is denied.

. General Municipal Law § 207-e.

. The defendant’s motion is more properly brought pursuant to CPL 170.50, which provides that a local criminal court may dismiss a prosecutor’s *435 information filed at the direction of the grand jury upon the grounds that the evidence before the grand jury was not legally sufficient or the grand jury proceeding was defective. The criteria to be used by the court in determining such a motion are those set forth in CPL 210.30 and 210.35. This motion shall be treated as such.

. The court notes that, contrary to this argument by the People, the defendant is not charged with failing to come to work, as a duly inherent in his position, nor is he charged with failing to seek medical attention for General Municipal Law § 207-c leave benefits, as a duty imposed on him by law. The defendant is charged with failing to seek medical attention as a duty clearly inherent in his position as a correction officer.

. Other evidentiary issues may still arise affecting admissibility, such as an attempt at admitting photocopies or electronic reproductions (see CPLR 4539), or the presence of statements made by individuals who had no business duty to impart such information. (Johnson v Lutz, 253 NY 124 [1930].)